## Katzenberg *v.* Oberndorf, Appellant.

*Appeals—Assignments of error—Charge—Failure to charge on specific subject.*

Assignments of error which relate largely to what was omitted from the charge will not be considered where the record shows that there was no request for special instructions on the subject, and that the matters alleged to have been omitted did not relate to a basic fact.

It is largely within the discretion of the trial judge as to how much detail shall be entered into, how minute the reference to the testimony shall be, and how extended the discussion. He may in his charge make comments on the testimony provided he leaves the jury free to decide the case on the evidence.

Argued Oct. 18, 1918. Appeal, No. 37, Oct. T., 1918, by defendant, from judgment of C. P. No. 4, Philadel-

phia Co., Sept. T., 1916, No. 771, on verdict for plaintiff
in case of Isaac Katzenberg et al., trading as Jacob
Stern & Son, v. Herman Oberndorf et al., trading as
Oberndorf & Sons. Before ORLADY, P. J., PORTER, HEN-
DERSON, HEAD, KEPHART and WILLIAMS, JJ. Affirmed.

Assumpsit for breach of contract in failing to deliver
hides. Before FINLETTER, J.

Verdict and judgment for plaintiff for $1,222.96. De-
fendant appealed.

*Errors assigned* were various portions of charge, and
failure adequately to submit the matters in issue to the
jury.

*Yale L. Schekter,* with him *Samuel K. Louchheim,* for
appellants.

*Morris Wolf,* with him *Gordon A. Block,* for appellees.

OPINION BY HENDERSON, J., January 3, 1919:

The appellants assignments relate to the charge of the
court and the argument is largely devoted to a discussion
of the second assignment which alleges failure on the
part of the trial judge to "adequately and justly and
fairly submit the matters in issue" for the proper con-
sideration of the jury. Specific complaints are: (a) a
comment on the depositions offered by the defendants;
(b) a remark that the plaintiffs' witness appeared to have
no financial interest in the case; and (c) that he natural-
ly would have accepted rather than rejected the hides if
they had been in accordance with the contract. The
action was based on a contract in writing for the sale of
one thousand cowhides which the defendants undertook
to sell to the plaintiffs and which as alleged they had
failed to do, as a result of which the plaintiffs sus-
tained a loss because of a rise in the price of hides.

The issue was within very narrow limits.   There was no dispute as to the execution of the contract nor as to its terms.   The plaintiffs alleged that when their agent went to the defendants' place of business to inspect and receive the hides the lot tendered to him contained a quantity of "No. 3" whereas the quality contracted for was "No. 2." The plaintiffs' testimony as to the tender and quality of the hides was given by Frank Kincade.   The depositions of two of the defendants and three other witnesses were offered in support of the defense.   There was no contro-. versy as to the law applicable to the case and the jury was correctly instructed with reference thereto.   The appellants' complaint relates largely to what was omitted from the charge but as there was no request for special instructions an objection of this kind cannot be sustained unless it relate to a basic fact.   The jury was not misled in regard to the questions in controversy and the question as to the violation of the contract was clearly submitted.   It is true the court referred to the apparent disinterestedness of the plaintiffs' witness but we cannot say that this was improper especially in view of the fact that two of the defendants had testified in the case; nor is there weight in the objection that the court referred to this witness as on the stand and subjected to crossexamination as against which there were the depositions offered by the defendants.   It was the privilege of the court to make such comment if fairly done and the charge does not exhibit unfairness in this respect.   The court suggested a reflection that the plaintiffs' agent naturally would have accepted the hides if they had been as contracted for, as proper for the consideration of the jury, but that had no tendency to mislead or to induce the jury to return a verdict not well supported by the evidence. It is largely within the discretion of the trial judge as to how much detail shall be entered into, how minute the reference to the testimony shall be, and how extended the discussion: Fowler v. Smith, 153 Pa. 639.   A trial judge in his charge may make comments on the testimony pro-

Opinion of the Court.    [70 Pa. Superior Ct.

vided he leave the jury free to decide the case on the evidence: Lappe v. Gfeller, 211 Pa. 462; Bernstein v. Walsh, 32 Pa. Superior Ct. 392. In view of the nature of the issue and the readiness with which the jury could understand the single question in controversy we are not convinced that the omission to charge more at length as to the evidence offered for the defense should be regarded as reversible error.

The judgment is affirmed.