## Commonwealth v. Wilson, Appellant.

*Criminal law—Larceny by bailee—Evidence—Sufficiency.*

On the trial of an indictment for larceny by bailee, it appeared that the prosecutors had pawned valuable jewelry, to secure small loans, with the defendant, on his verbal promise that the loans should run for six months, instead of one month as stipulated in the pawn tickets. At the expiration of the month the defendant sold the jewelry for approximately its value and retained the proceeds.

Under such circumstances the defendant was not entitled to binding instructions, and a verdict of guilty will be sustained.

*Criminal procedure—Charge of court—Review of testimony.*

In the review of testimony in the charge of the court it is not possible, or even desirable, that the trial judge should refer to and emphasize every item of evidence on both sides in a way which the counsel might consider adequate; nor is he required to go over all the evidence on every particular point every time he refers to it in the course of his charge. The extent to which the trial judge ought to go in reviewing, analyzing and commenting on testimony depends very largely upon the circumstances and nature of the case and, to some extent, on the line of argument pursued by counsel in addressing the jury.

Argued December 13, 1920. Appeal, No. 342, Oct. T., 1920, by defendant, from judgment of Q. S. Lycoming County, Sept. Sessions, 1918, No. 47, on verdict of guilty

148    COMMONWEALTH *v.* WILSON, Appellant.

Statement of Facts—Opinion of the Court. [76 Pa. Superior Ct.

in the case of Commonwealth of Pennsylvania v. Frank
I. Wilson. Before ORLADY, P. J., PORTER, HENDERSON,
HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for larceny by bailee. Before WHITE-
HEAD, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict of guilty on which judgment of sentence was
passed. Defendant appealed.

*Error assigned,* among others, was the charge of the
court.

*Max L. Mitchell,* for appellant.

*Carl A. Schug,* District Attorney, and *Charles F.
Greevy,* for appellee.

OPINION BY ORLADY, P. J., March 5, 1921:

The defendant was convicted under an indictment
charging him with larceny and larceny as bailee. The
facts developed on the trial were substantially as fol-
lows: On May 22, 1918, Mrs. Begbie pledged with him
as a licensed pawnbroker, a diamond necklace valued
at $2,400, to secure a loan of $50; on June 5, 1918, an-
other loan of $50 was secured, and a diamond and emer-
ald brooch and sapphire ring were pledged, the former
of the value of $400, and the ring at $175; on June 19,
1918, a third loan of $10 was secured, and a cluster
diamond ring valued at $90 was pledged; on October 5,
1918, a fourth loan of $15 was secured, and a diamond
ring pledged as security. These loans were negotiated
by Mrs. Begbie and her husband, the property belonging
in part to each. On November 4, 1918, Mrs. Begbie went
to the defendant with the necessary money to redeem all
of the jewelry pawned, laid the identification tickets on
his desk, handed him the redemption money and de-

manded the return of the jewelry.    The defendant ·returned the ring that had been pawned on October 5th, and informed Mrs. Begbie that the time for all the other pledges had expired, and that the articles pledged had been forfeited and sold.    She insisted on the return of the jewelry, and the defendant replied that as they had been sold he could not return them.    He insisted, that there was no agreement for an extension of time beyond that mentioned on the pawn tickets, and that after the date therein stated, he was justified in considering them as forfeited goods, and dealing with them as such, Around this disputed fact hinged the Commonwealth's case.

It developed on the trial that he had sold the first and second pledges on October 18th, and had received for the first, the diamond necklace $1,100; for the second pledge, emerald and diamond brooch and the sapphire and diamond ring, he received $250; and that at a subsequent date he had sold the third pledge, the cluster diamond ring for $50.

Mr. and Mrs. Begbie are English people, each of them being in receipt of an income from England.    Mr. Begbie was by profession a mechanical engineer, and by reason of sickness the loans were made necessary.    Mrs. Begbie testified that she had explained the situation to the defendant in May, when she saw him for the first time, that they were relying upon the next installment of Mrs. Begbie's income, which was due in July, to redeem the property, and said there might be some delay in receiving the income in July, as the one due the preceding year had not been paid until September, the delay being due to war conditions which still prevailed, and she feared that the installment due in July also might be delayed; that after the financial situation had been fully explained, the defendant assented to her request, that the loans should run for six months, instead of one month, as noted on the pawn tickets.    The difference as to the time when the loans were to mature, was the only

substantial controversy between the parties in regard to the terms of the contract, though the written slips or tickets called for a term of one month, and provided for forfeiture and sale in case the goods pledged were not redeemed or the time extended before maturity.

The case was very thoroughly tried by able counsel, and while there was a motion for a new trial filed, it was subsequently withdrawn, and after argument a motion in arrest of judgment was overruled.

On this appeal the single assignment of error urges that the charge of the court as a whole was inadequate and misleading, especially in that, "the court having undertaken to review and recapitulate the evidence, and did review and recapitulate all the evidence for the Commonwealth in detail, explaining the importance thereof and the conclusions which might be drawn therefrom, failed to review and recapitulate the evidence for the defendant in the same detail and to fairly and adequately state the same, and to give like emphasis thereto, and conclusions which might be drawn therefrom," and the whole charge is assigned for error.

The same argument was forcibly urged upon our attention in Com. v. Wasson, 42 Pa. Superior Ct. 38, in which President Judge RICE, speaking for the court, said, "It is claimed that the court erred in its charge to the jury by giving great prominence to the evidence produced by the Commonwealth and in stating all of the alleged incriminating facts against the defendant at length, and in not stating or reviewing the testimony offered in behalf of the defendant to the same extent. The extent to which the trial judge ought to go in reviewing, analyzing and commenting on testimony depends very largely upon the circumstances and nature of the case, and, to some extent, upon the line of argument pursued by counsel in addressing the jury. Generally it must be left to his sound discretion. The remarks of Mr. Justice MITCHELL in Com. v. Kaiser, 184 Pa. 493, may be appropriately quoted as a complete an-

swer to the argument of appellant's counsel upon the branch of the case......It is complained that here and there items that bore in favor of the prisoner were not specially mentioned. It is probable that the Commonwealth might make the same complaint. It is not possible nor even desirable that the judge should refer to and emphasize every item of evidence on both sides in a way that the counsel would consider adequate. In doing so he would run much risk of coming to speak as an advocate rather than a judge. Nor is he required to go over all the evidence on any particular point every time he refers to the point in the course of his charge."

The same rule was followed in Katzenberg v. Oberndorf, 70 Pa. Superior Ct. 567; Com. v. Zappe, 153 Pa. 501; and in Com. v. Russogulo, 263 Pa. 102, the rule is declared, that in the absence of a request for more special instructions, the charge will not be held to be inadequate, although the evidence on one side might properly have been more fully referred to.

The prominence of the parties made the case one of special interest locally. The prosecutors and defendant were well known socially, and while the court reviewed some of the evidence by special reference to witnesses and the subject matter of their testimony, a number of times the attention of the jurors was called to the fact that they, and they alone, should decide the facts, as follows: "The prosecutrix and her husband testified to other things than these which I have recalled, but it is for you to recall all of the testimony, that to which I have referred, as well as that to which I have not referred." Referring to the testimony of the witnesses for the defense, the court said, "You must recall all of the testimony, it would be impossible for me to recall it to you." And again, "All these things must be taken into consideration by you, in disposing of this case. You must recall all of the testimony of the defendant and his witnesses, just as you must recall all of the testimony of the Commonwealth. You must dispose of this case

entirely and alone upon the evidence that has been produced before you, without sympathy for either the prosecutrix or the defendant."......"I have not gone into all these matters because they are questions for you. ......The defendant is presumed to be innocent, and it is incumbent upon the Commonwealth to prove to you beyond a reasonable doubt that he is guilty."

The defendant's counsel presented seven clearly drawn points for charge, all of which were affirmed. Other like references were made, and at the conclusion of the charge, the court inquired of counsel if there was anything further the defendant desired the court to instruct the jury upon, to which interrogation no reply was made.

After a careful examination of the charge, we are satisfied that it was fair and adequate, and that the trial was free from any reversible error.

The judgment is affirmed, the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal on this case was made a supersedeas.