# Commonwealth *v.* McCloskey, Appellant.

*Criminal law—Murder—Jury—Opinion of juror—Prejudging case—Waiver—No challenge for cause—Discretion of court—New trial.*

1. Where the opinion of a juror as to the guilt of a prisoner indicted for murder, is formed prior to the trial, on common rumor and newspaper stories, but he states at the trial that he can fairly try.the case on the evidence, free from any such opinion, he should not be rejected as a juror.

2. If the defendant knows at the trial that a juror has previously expressed an opinion as to his guilt, and questions him on the subject, and the juror denies having expressed such an opinion, and declares that he has no fixed view of the guilt of defendant, and no challenge for cause is interposed, the defendant, after conviction cannot assert the alleged conduct of the juror as a reason for a new trial.

3. In passing upon such a question, much must be left to the discretion of the court below, and nothing short of palpable error will justify a reversal.

*Criminal law—Murder—Accomplice—Evidence — Testimony of accomplice—Charge.*

4. On the trial of an indictment for murder where the testimony of an accomplice has been admitted, the court should point out in a general way, not only such testimony, but wherein it is claimed to be contradicted and corroborated, and the jury should be told that they must closely scrutinize such testimony and accept it with caution.

5. It is not the law that the jury should be advised not to accept such testimony until corroboration is apparent.

*Criminal law—Murder—Charge—Evidence—Discretion of court.*

6. While it is the duty of a trial judge, in a capital case, to fully instruct the jury as to the law applicable to the facts without any special request on part of defendant that this be done, yet he is not required to recite all of the testimony in detail; the extent to which he should go is largely a matter of discretion.

*Criminal law—Murder—Degree — Robbery — Charge — Act of March 31, 1860, section 74, P. L. 402.*

7. On the trial of an indictment under the Act of March 31, 1860, section 74, P. L. 402, for murder committed in the perpe-

tration of a robbery, the trial judge fully performs his duty if he explains the difference between the two degrees of murder and voluntary manslaughter, and expressly advises the jury that the verdict might be of either crime defined, or generally of acquittal; such a charge leaves the question of degree open for the determination of the jury.

Argued February 20, 1922.   Appeal, No. 324, Jan. T., 1922, by defendant, from judgment of O. & T. Blair Co., Oct. T., 1921, No. 19, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Gilbert McCloskey.   Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Indictment for murder.   Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree, upon which sentence was passed.   Defendant appealed.

*Errors assigned* were various rulings and instructions sufficiently appearing by the opinion of the Supreme Court, quoting record.

*R. J. Puderbaugh* and *D. Lloyd Claycomb,* for appellant.—The trial judge interfered with the province of the jury in determining the degree of guilt: Com. v. Ferko, 269 Pa. 39; Com. v. Frucci, 216 Pa. 84; Meyers v. Com., 83 Pa. 131; Com. v. Smith, 221 Pa. 552.

We contend that a new trial should be granted in the case under consideration because a juror, selected from the talesmen, denied on his examination before being sworn as a juror that he made any prejudicial remarks concerning defendant and that he had not formed or expressed any opinion as to the guilt of defendant: Straup v. Com., 74 Pa. 458; Ortwein v. Com., 76 Pa. 414.

The charge was improper as to the testimony of the accomplice: Ettinger v. Com., 98 Pa. 338; Com. v. Haines, 257 Pa. 289; Cox. v. Com., 125 Pa. 94; Kilrow

v. Com., 89 Pa. 480; Com. v. Klein, 42 Pa. Superior
Ct. 66.

*Marion D. Patterson,* District Attorney, with him
*Frank G. Fisher,* for appellee.—There was no interference by the trial judge with the right of the jury to determine the degree of guilt: Com. v. Sheets, 197 Pa. 69;
Shaffner v. Com., 72 Pa. 60.

A trial court will not be reversed for inadequacy of
charge unless it plainly appears that the charge was unfair and misleading: Com. v. Caraffa, 222 Pa. 297; Com.
v. Pacito, 229 Pa. 328; Com. v. Russogulo, 263 Pa. 93;
Com. v. Keller, 191 Pa. 122.

The trial court properly cautioned the jury as to the
accomplice's testimony: Com. v. Haines, 257 Pa. 289.

The juror was not disqualified by his remarks: Com. v.
Sushinskie, 242 Pa. 406; Com. v. Crossmire, 156 Pa.
304; Ortwein v. Com., 76 Pa. 414; Clark v. Com., 123
Pa. 555; Com. v. Roddy, 184 Pa. 274; Com. v. Eagan,
190 Pa. 10; Com. v. Spahr, 211 Pa. 542.

OPINION BY MR. JUSTICE SADLER, March 20, 1922:

Defendant was charged with the killing of William
Niehaus, a resident of the City of Altoona, on August 3,
1921.   George Lafferty and Edward Yon joined with the
appellant, McCloskey, in a plan to rob a storekeeper;
having secured arms, they went to his place of business
about midnight of that day, intending a hold-up.   The
selected person could not be found, and the deceased,
who was returning to his home, was attacked instead;
from a shot received, he died shortly after.   All three of
the alleged robbers were indicted; Lafferty and Yon
were granted separate trials.   The present defendant was
convicted of murder of the first degree, and now appeals
from the judgment entered.

The testimony, upon which the Commonwealth relied
to prove the occurrences until the meeting with the murdered man, is practically without contradiction, all engaged agreeing upon the formation of the purpose to rob,

the preparation to carry out the plan, and the actual going upon the ground. From this point there is a slight divergence, in that the defendant insists, after the discovery that the intended victim could not be found, it was determined to hold up any one found, and this person happened to be the deceased. Immediately before Niehaus arrived at the point of killing, McCloskey started to follow some person whom he supposed was shadowing them, and was returning to the place where located as the shooting took place. The accomplices told a different story, contradicting him positively on this point. Other facts were proven, which tended to negative the contention of the defendant. His subsequent statements, as well as attempted flight, all tended to show his guilt. A reading of the testimony of both Commonwealth and defendant leads plainly to the conclusion that the verdict rendered was amply justified. Complaint is made, however, of the manner of submitting the case to the jury, and the refusal to grant a new trial. Twelve assignments of error have been filed, which, for the purpose of consideration here, may be grouped into three classes.

It is insisted that one of the jurors,—a talesman selected after the exhaustion of the regular panel,—had prejudged the case, and his service upon the jury was necessarily so harmful to defendant that a new trial should be had. Parker, as to whom complaint is made, was examined on his voir dire, and distinctly denied the formation or expression of any opinion as to guilt or innocence; a review of his testimony does not disclose any disqualification, and no challenge for cause was interposed. Subsequent to the trial, and as a basis of a motion for a rehearing, it was averred that, on the night prior to his selection as a juror, he had made use of language which clearly indicated a fixed belief of defendant's guilt. It was not claimed in any way that this information was not possessed by defendant at the time of Parker's preliminary examination, and that the fact of his having so declared was unknown at the time the jur-

ors were sworn. Indeed, it would appear from the questions asked on the voir dire, that defendant had some knowledge of Parker's prior conversations, for, in answer to counsel, he admitted this, stating, however, he had an open mind on the question at issue. Furthermore, the statement alleged to have been made, did not refer to the present defendant, but to the two accomplices who had been previously tried. In his deposition, submitted on the hearing of the motion for a new trial, he denied having made the remarks in the form testified to, and, as in his earlier examination, declared he went into the jury box with no fixed view of the guilt of defendant.

The supposed statement was not based on the facts heard at the trial of the accomplices, nor upon a perusal of the testimony in the instant case; at most, it was but an expression of thought founded on common rumor and newspaper stories. Had it been shown before his acceptance as a trier, the court would not have been required to say that such an opinion had been formed as made necessary the sustaining of a challenge for cause: Com. v. Roddy, 184 Pa. 274; Allison v. Com., 99 Pa. 17. There is a great difference between careless declarations as to guilt or innocence, and prejudging the fact: Com. v. Flanagan, 7 W. & S. 415. "Where the opinions or impressions of the jury are founded on rumors or reports, or even newspaper statements, which the juror feels conscious he can dismiss; where he has no fixed belief or prejudice, and is able to say he can fairly try the prisoner on the evidence, freed from the influence of such opinions or impressions, he ought not to be excluded": Staup v. Com., 74 Pa. 458, 461. And in passing upon the question, much must be left to the discretion of the court below, who sees and hears the proposed juror; nothing short of palpable error in the refusal of such a challenge will justify a reversal: Com. v. Sushinskie, 242 Pa. 406; Com. v. Heidler, 191 Pa. 375; McClain v. Com., 110 Pa. 263.

Of course, if the juror on his voir dire has misled defendant, and it subsequently appears from the evidence

that the issue had been predetermined, relief will be
given by the granting of a new trial, but this after-dis-
covered testimony must be such as would have justified
a finding preliminarily of the presence of a fixed opinion:
Com. v. Fry, 198 Pa. 379. In all such cases, it must be
clear that the knowledge was obtained after the accept-
ance of the juror, and that fact does not here appear.
The defendant cannot hold in reserve a complaint, based
upon matters of which he was aware when the proposed
juror was examined, or of which he could have learned
by the exercise of reasonable diligence, and take advan-
tage of this when an adverse verdict has been rendered.
16 C. J. 1153. The present record is barren of any sug-
gestion that the evidence of Parker's declaration was
after-discovered. Even if the contrary was true, the
evidence of the juror, both in his preliminary examina-
tion and subsequent deposition, fails to show a disquali-
fication which rendered him incompetent to serve, mak-
ing necessary the granting of a new trial, as was here
asked.

The 11th assignment suggests error in the failure to
properly charge on the effect to be given the testimony of
the accomplices. The attention of the jury was called to
the variance between their evidence and that of defend-
ant, and the court said, further: "Yon and Lafferty,
they were convicted as the testimony shows, and we say
to you that it is your duty to scrupulously examine their
testimony. Examine it with care and caution." The ac-
complices were corroborated in many respects, and these
matters were pointed out to the jury, as were the con-
tradicted statements; indeed, until the time of the actual
shooting, the narratives were largely identical with that
of the defendant. If further instructions on the question
had been desired, a request to that effect should have
been made, but we cannot say that the directions as
given were inadequate, or in any way misleading. In-
deed, the charge meets fully the suggestion of this court
in Com. v. Haines, 257 Pa. 289, 297, as to the manner in
which such situations should be met, where it is said, in

part: "The court should point out, in a general way, not only the testimony of the accomplice, but wherein it is claimed to be contradicted and corroborated, and the jury should be told that they must closely scrutinize such testimony and accept it with caution."

Appellant, though not contending that the evidence given by the accomplices may not be made the basis of conviction, yet insists that, in such cases, the jury should be advised not to accept it until corroboration is apparent. Some justification for this thought can be found in the earlier decisions, but it is now clearly settled no such additional testimony is essential, though the jury should be cautioned as to the source from which the evidence comes, and have its attention called to any statements in conflict with other proven facts: Cox v. Com., 125 Pa. 94; Com. v. Klein, 42 Pa. Superior Ct. 66; Com. v. Craig, 19 Pa. Superior Ct. 81. This requirement was sufficiently met in the present case.

Again, a reversal is asked on the ground of the inadequacy of the charge in its narration of the evidence adduced; a careful examination of it fails to show the defendant has any just cause for complaint. While it is the duty of a trial judge, in a capital case, to fully instruct the jury as to the law applicable to the facts, without any special request on the part of defendant that this be done, yet he is not required to recite all of the testimony in detail,—the extent to which he shall go is largely a matter of discretion: Com. v. Payne, 242 Pa. 394; Com. v. Russogulo, 263 Pa. 93. In the instant case, the contentions of the parties were fairly presented, and ample opportunity given to secure further instructions, if desired; no such request was made, and it is now too late to complain: Com. v. Washington, 202 Pa. 148.

It is argued, further, the instructions of the court were, in effect, binding directions to find a verdict of murder of the first degree, or not guilty. This contention is based on the reference in the charge to the first clause of section 74 of the Act of March 31, 1860, P. L. 402, which

provides, inter alia, that murder committed in the perpetration of, or attempt to perpetrate, robbery, shall be deemed of the first degree.   The cases of Com. v. Ferko, 269 Pa. 39, and Com. v. Frucci, 216 Pa. 84, are relied upon to sustain the legal proposition advanced, but an examination will show both are easily distinguishable. In the first, the jury was at no time told that it was at liberty to find a verdict of murder of the first degree, second degree, voluntary manslaughter, or not guilty, but were repeatedly advised that the homicide, if committed in the attempt to rob, was of the first class; an entirely correct abstract proposition, but which should have been coupled with the instruction to the jury as to its right to find a verdict of guilty of a less offense.   In Com. v. Frucci, supra, the jury was instructed it would "have to do" with the kind of killing defined as "wilful, deliberate and premeditated murder," thus, in effect, withdrawing from it the determination of guilt of a degree other than first.   The difference between the two degrees of murder, and voluntary manslaughter, was explained to the jury in the case at bar, and it was expressly advised, in the opening and closing of the charge, that the verdict might be of either crime defined, or generally of acquittal.   The references elsewhere to the fact that killing, in the perpetration of robbery, is of the first degree, were connected with the statement that the jury would be warranted in so finding if certain stated facts were determined to be true, as contended by the Commonwealth; nowhere was there an expression which can justly be said to have taken from their consideration the other classes of homicide.   There was no mandatory instruction to render a verdict of any degree, and the question was left open for the determination of the jury. This brings the case within the line of Com. v. Sheets, 197 Pa. 69, and kindred authorities, where like propositions have been the subject of consideration, and the judgments sustained.

The record discloses competent evidence justifying the conclusion reached by the jury, and subsequently approved by the learned court below in refusing a new trial. No reversible error has been shown in the charge, and the assignments are all overruled.

The judgment of the court below is affirmed and the record is remitted for the purpose of execution.