## Commonwealth *v.* Eakin, Appellant.

*Practice Q. S.—Assignments of error—Charge of court.*

Assignments of error which amount to a complaint that the court did not review all the evidence produced at the trial are without merit.

While it is the duty of the trial judge to fully instruct the jury as to the law applicable to the facts, without any special request on the part of the defendant that this be done, yet he is not required to recite all the testimony in detail. The extent to which he shall go is largely a matter of discretion.

The court is not required nor is it desirable that it should undertake in the charge to repeat in full all the testimony of the witnesses. The mere fact that some of the witnesses for the Commonwealth disagree as to some of the essential facts does not mean that the jury cannot reach a verdict. The Commonwealth is not bound by the testimony of a witness who proves adverse and it is for the jury to determine where the truth lies.

Argued December 12, 1927. Appeals Nos. 1465 and 1466, April T., 1928, by defendant from sentence and judgments of the Q. S. Mercer County, No. 93, Sessions 1927, in the case of Commonwealth of Pennsylvania v. M. E. Eakin. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for operating a motor vehicle while intoxicated and for unlawful transportation of intoxicating liquor. Before McLAUGHRY, P. J.

The opinion of the Superior Court states the facts.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the charge and sentence of the court.

*Benjamin Jarrett,* and with him *Joseph W. Nelson,* for appellant.

*L. R. Rickard,* District Attorney, for appellee.—The

failure of the court to review all the testimony in the charge is not reversible error: McCabe v. Commonwealth, 3 Sadler (Pa.) 426; Brittain v. Doylestown Bank, 5 W. & S. 87; Commonwealth v. McCloskey, 273 Pa. 456; Commonwealth v. Durlin, 75 Pa. Superior Ct. 260; Commonwealth v. Longwell, 79 Pa. Superior Ct. 68; Commonwealth v. Wilson, 76 Pa. Superior Ct. 147.

OPINION BY PORTER, P. J., March 2, 1928:

The cases in which these appeals were taken were tried together in the court below and the assignments of error here presented refer to each of the cases and the appeals may properly be disposed of by one opinion.  One of the indictments charged the appellant with operating a motor vehicle upon a public highway while under the influence of intoxicating liquor, while the other charged the unlawful transportation of intoxicating liquor for beverage purposes. The jury found a verdict of guilty as indicted in each of the cases, the court imposed sentences upon the verdicts, and the defendant thereupon took these appeals.

The first assignment complains that the court erred in failing to adequately charge the jury on the question of the conflict of testimony of the Commonwealth's witnesses as to the defendant's intoxication. The testimony of ten witnesses called by the Commonwealth was to the effect that the defendant was intoxicated at the time his automobile came into collision with another car.  Some other witnesses called by the Commonwealth said that they had not had sufficient opportunity to observe the defendant to say whether he was intoxicated or not.  One witness called by the Commonwealth, Floyd Palmer, testified that he arrived at the scene of the accident about twenty minutes after it happened and remained for probably fifteen

minutes, that he saw the defendant walking around among the people and that he could see nothing wrong with him, but that he was not close enough to him to smell his breath. The judge in his charge to the jury had said that Mr. Palmer had testified that he was not in a position to say whether or not the defendant was intoxicated; counsel for defendant, upon the conclusion of the charge, called the court's attention to the matter saying that the testimony of Mr. Palmer was that he was positive he saw nothing wrong with the man. The court thereupon said to the jury, "Counsel for the defendant has brought to my attention that perhaps I misquoted Mr. Palmer's testimony; so that if I have you will consider it as you remember it. As we have said, it is not as counsel give it to you nor as the court gives it to you but you will consider it as you remember it." There can be no doubt that this properly cleared the matter, and the learned counsel for defendant has not assigned that portion of the charge for error. We have carefully considered the evidence and the charge of the court and are convinced that the summary of the evidence of each witness, contained in the charge, was free from substantial error. The court is not required, nor is it desirable, that it should undertake, in the charge, to repeat in full the testimony of all the witnesses. The contention of the learned counsel for the defendant seems to be that if the witnesses called by the Commonwealth do not agree in their testimony, as to the essential facts at issue, that the jury cannot be expected to agree upon a verdict. This is not the law of Pennsylvania. The Commonwealth is not bound by the testimony of a witness who proves adverse, but it is for the jury to determine where the truth lies. The first assignment of error is overruled.

The second assignment avers that the court erred in failing to adequately charge the jury as to the testi-

mony of the witnesses for the Commonwealth and the witnesses for the defendant with regard to the presence of intoxicating liquor in defendant's automobile at the time of the collision. The learned judge in his charge sufficiently reviewed the evidence upon each side of the case, without in any manner attempting to intrude upon the functions of the jury. Both the first and second assignments of error are really complaints that the court did not adequately review all the evidence produced at the trial. "It is only in exceptional cases, as for example, where it plainly appears that the charge is so inadequate as to be misleading, or where by indirection, it withdraws the attention of the jury from material issues or evidence, or from matters entering as necessary elements into the decision of the question at issue, or where its tendency as a whole is to unduly magnify the importance of the proofs introduced by one party and to belittle those introduced by the other party, that the court will be reversed upon general exceptions of this nature": Com. v. Wasson, 42 Pa. Superior Ct. 62. While it is the duty of the trial judge to fully instruct the jury as to the law applicable to the facts, without any special request on the part of the defendant that this be done, yet he is not required to recite all the testimony in detail,—the extent to which he shall go is largely a matter of discretion: Com. v. McCloskey, 273 Pa. 462; Com. v. Wilson, 76 Pa. Superior Ct. 147; Com. v. Longwell, 79 Pa. Superior Ct. 68. In the present cases the contentions of the parties were fairly presented and ample opportunity given to secure further instructions if desired. The court instructed the jury that in all criminal cases the defendant is presumed to be innocent, and it devolved upon the Commonwealth to satisfy them beyond a reasonable doubt of his guilt, and that in taking up the testimony, they must keep that in mind. The second assignment of error is overruled.

The third assignment of error refers to the refusal of the court to allow the defendant to testify as to what occurred between him and some unknown representative of Mr. Grossman, the owner of the car with which defendant's car came into collision. The offer of evidence did not give the name of the person who was alleged to represent Mr. Grossman. Grossman was not the prosecutor in the cases, the information having been made by the county detective. Grossman had been called as a witness by the Commonwealth, but the offer did not propose to contradict anything that he had said in his testimony. The alleged negotiation with some person said to represent Mr. Grossman did not occur until the day after the defendant had committed the offenses charged in the indictments. That negotiation was with regard to the settlement of the damages to Mr. Grossman's car and could have no possible bearing upon the guilt or innocence of the defendant. The testimony was properly excluded as irrelevant, and moreover, if the alleged, but unknown, representative of Grossman knew anything about the facts in the cases upon trial he should have been called as a witness. The third assignment is overruled. The sentences imposed were sustained by the verdicts of the jury upon the indictments and the fourth and fifth assignments of error are without merit.

The judgments are affirmed and the records remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, re-respectively, or any part thereof which had not been performed at the time the appeals in these cases were made a supersedeas.