## Commonwealth v. Cohen

*C. Ward Eicher*, assistant district attorney, for Commonwealth.

*Maurice J. K. Davis*, for defendant.

WAYCHOFF, P. J., November 19, 1937.—This matter comes before the court as follows: On April 14, 1937, defendant was arrested upon a charge of abortion in con-

nection with one John Eisaman; the specific charge in the information filed being that defendant did feloniously assist, aid and abet the said John C. Eisaman in attempting to procure, and in procuring a miscarriage of the said woman in the manner aforesaid; at the preliminary hearing, both the said John Eisaman and the above defendant were held to the next term of this court; thereafter, John Eisaman was tried in this court, convicted and sentenced on an indictment found on the above information, charging in the first count, procuring abortion with instrument, and in the second count, procuring abortion with other means.

The matter was so proceeded in that the indictment against the above defendant was brought to trial, after being certified to the court of oyer and terminer of this county.

On August 30, 1937, the jury found a verdict of guilty in the manner and form as defendant was indicted.

Thereafter, on September 2, 1937, defendant, by his counsel, presented a motion for a new trial, alleging:

1. The verdict was against the law.

2. The verdict was against the evidence.

3. The verdict was against the charge of the court.

4. The court erred in failing to instruct the jury that the crime charged was a misdemeanor and that in the event the jury would find a verdict of not guilty, it had the right to dispose of the costs; and

5. The court erred in refusing to direct a verdict of not guilty at the conclusion of all the testimony.

On November 18, 1937, defendant, by his counsel, assigned an additional reason for his motion for a new trial, as follows: The court erred in not pointing out to the jury in a general way the testimony of the accomplice wherein it is claimed to be contradicted and corroborated, and the jury should have been told they must closely scrutinize such testimony and accept it with caution.

We have examined these motions and reasons for a new trial, six in number, and overrule without comment

nos. 1, 2, 3, and 5, of the motions and reasons filed as above set forth on September 2, 1937.

From the whole record, we are sure that the verdict was not against the law, nor the evidence, nor the charge of the court, and we are also sure that we did not err in refusing to direct a verdict of not guilty at the conclusion of all the testimony.

The other two exceptions read as follows:

The court erred in failing to instruct the jury that the crime charged was a misdemeanor and that in the event the jury would find a verdict of not guilty, it had the right to dispose of the costs.

The court erred in not pointing out to the jury in a general way the testimony of the accomplice wherein it is claimed to be contradicted and corroborated and the jury should have been told they must closely scrutinize such testimony and accept it with caution.

Counsel for the defendant argues that the crime charged, i. e., abortion, was a misdemeanor under the common law and that there is no statute law which charges it as a felony.

We find that section 87 of the Act of March 31, 1860, P. L. 382, provides that if any person shall unlawfully administer to any woman pregnant or quick with child, or supposed and believed to be pregnant or quick with child, any drug, poison, or substance whatsoever, or shall unlawfully use any instrument or other means whatsoever with the intent to procure the miscarriage of such woman, and such woman or any child with which she may be quick shall die in consequence of either of said unlawful acts, the person offending shall be guilty of a felony.

This section, of course, does not apply to the present case for the reason that the one upon which the abortion was procured did not die.

Section 88 of the same act of assembly provides that if any person with intent to procure the miscarriage of any woman shall unlawfully administer to her any poison, drug or substance whatsoever, or shall unlawfully use

any instrument or other means whatsoever with the like intent (as of section 87) such person shall be guilty of a felony.

There doesn't seem to be any specific act of assembly that makes the crime of abortion a felony, but we have concluded, from examination of the authorities, that the crime of abortion lies somewhere between the two crimes above specified as felonies. That is, the crime of abortion, while not rising as high as the same crime followed by death of the woman, yet clearly rises higher than the attempt to procure abortion, and we therefore decide that both of these crimes are felonies and that abortion itself is a felony. For that reason, we overrule the fourth reason above mentioned. To us, it seems that the crime of abortion is clearly a felony and that we would have been in error if we had instructed the jury that it was a misdemeanor and consequently that the jury had the power and duty of disposing of the costs in case of a verdict of not guilty. Moreover, we do not see how this, if it be in error, could affect the present controversy. The jury found the defendant guilty and in our opinion did so properly. Indeed, we do not feel that any other verdict could reasonably have been rendered by the jury under all the evidence in the case.

Additional reason no. 1 filed on November 18, 1937, above recited, raised the question of the adequacy of the charge with regard to the testimony of George Kosker, who was a witness for the Commonwealth and was admittedly an accomplice of defendant in the commission of the crime charged.

At the conclusion of the charge of the court and before the jury was sent out, we asked counsel for the Commonwealth and for defendant if either had any suggestion as to anything that the court had not mentioned that should be mentioned, and both counsel for the Commonwealth and for defendant made no suggestion and no objection to any part of the charge. Then we asked counsel for both sides if they desired to except to the charge of the

court. The Commonwealth made no exception, but defendant, by his attorney, Mr. Davis, excepted to the charge of the court in one particular and only one as follows: "Outside the fact we contend this is a misdemeanor, if the court please, and the jury has jurisdiction over costs."

It will be seen, therefore, that counsel for the defendant did not, in any way, call the attention of the court to what he now alleges is error in the charge of the court, and this, although he was asked explicitly by the court if he had any such objection or desired a special consideration of any part of the charge, and when counsel for defendant made his exception to the charge, he did not, in any way, specify the objection to the charge which he now urges. If the matter had, at that time, been called to the attention of the court, we would have gone into it in detail if, indeed, such action upon our part was necessary.

We have examined the authorities upon this question and the nearest authority in line with the contention of counsel for defendant is the case of Commonwealth v. Haines, 257 Pa. 289, 297. It seems that this case was reversed upon another point entirely, but the appellate court in discussing the matter used the following language: "We suggest, however, that on the next trial of the cause the court in its general charge state clearly the law applicable to the testimony of an accomplice and make a more specific application of it to the particular facts of the case. The court should point out, in a general way, not only the testimony of the accomplice but wherein it is claimed to be contradicted and corroborated and the jury should be told that they must closely scrutinize such testimony and accept it with caution."

This is followed by the case of Commonwealth v. McCloskey, 273 Pa. 456, the syllabus of which reads as follows:

"On the trial of an indictment for murder where the testimony of an accomplice has been admitted, the court should point out in a general way, not only such testi-

mony, but wherein it is claimed to be contradicted and corroborated, and the jury should be told that they must closely scrutinize such testimony and accept it with caution. .

"It is not the law that the jury should be advised not to accept such testimony until corroboration is apparent."

If, by the above authorities, this court is required to detail the testimony of the accomplice and where there has been corroboration and where contradicted, then we have not performed that duty. This has never been our practice. We did not undertake to detail the testimony of any witness. We only stated in as fair and impartial manner as we could the contention of the Commonwealth and the contention of the defendant, and we instructed the jury to apply the testimony in the case to those contentions and from that application to decide the general credibility of the witnesses and of the testimony and make up their verdict.

.However, we did call the attention of the jury to the fact that George Kosker was an accomplice in the following words: "In connection with the witnesses two witnesses should have attention called to them, George Kosker, the accomplice in this case openly and admittedly, so if Eisaman was guilty, and of course, under the testimony here, as you know, he was found guilty and was sentenced, if William Cohen is guilty George Kosker is guilty also. He makes no denial of it. He tells you he is guilty. The law calls him an accomplice, this man who joined in the doing or committing of the crime. The law is a little tender about convicting any man upon the unsupported testimony of an accomplice. However, you will decide whether or not the rest of the testimony, the whole, everything connected with it, supports what George Kosker said. If it does, and the circumstances and the facts surrounding the case corroborate what George Kosker said, then his testimony would have great weight. But if it isn't corroborated in any way, and you have any reason to doubt it, that is another matter."

The court, at all times, was very careful to call to the attention of the jury repeatedly that the jury was the entire judge of the facts and that the court did not mean by anything it said or did to affect its judgment as to those facts and did not undertake to detail the testimony or any part of it, leaving the entire matter for the jury to make up its mind from the evidence and the evidence alone.

After very careful consideration of the case, we are of the opinion that defendant is guilty of the crime of which he stands charged, and that the verdict of the jury was in every way correct and in accordance with the duties placed upon it in its consideration of the evidence. We do not see how any other verdict could have been rendered.

We, therefore, decide to overrule and dismiss defendant's motion and reasons for a new trial in this case, and make the following order:

And now, November 19, 1937, this matter came on to be heard, was argued and briefs submitted, and after consideration, the motion and reasons for a new trial filed in this case are overruled and dismissed, and a new trial is refused.