[Crim. No. 753.   Fourth Dist.   May 15, 1951.]

THE PEOPLE, Respondent, v. JAMES ERNEST COKER, Appellant.

Russell Yeager for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

GRIFFIN, J.—On August 6, 1948, defendant entered a plea of guilty to a charge of murder of his wife on July 3, 1948, and to three charges of pimping contained in counts

2, 3, and 4, which involved defendant's wife and two other female persons. Two of these offenses are alleged to have been committed on June 12, and the other on June 26. Defendant was committed to state's prison for life on the first-degree murder charge and for the term prescribed by law on the other charges. Sentences were ordered to run consecutively with that of the first count.

More than two years later, on October 18, 1950, defendant, in propria persona, filed in the Superior Court of Imperial County a purported motion and affidavit reciting that defendant would move the court "for the records . . . that he may again bring his, cause, before this court, with and for the purpose of exo*me*ration and vindication,'' and cited such cases as *People* v. *Slobodion*, 30 Cal.2d 362 [181 P.2d 868]; and *People* v. *Perez*, 9 Cal.App. 265 [98 P. 870].

The trial court treated the proceeding as an application for a writ of error *coram nobis*, set it down for hearing, and notified defendant of the necessity of further affidavits in support of the motion. On November 18, 1950, defendant filed an affidavit reciting that since his incarceration he had the opportunity to study the laws of the State of California in the prison library and that he found out that his conviction was a ''mistake of facts and violation of the equal protection of the State of California's Constitution,'' and in violation of ''the great act of the common-law act Judi-cata of the State and the United States.''

The force of defendant's argument, from the briefs apparently prepared by defendant himself on appeal, is that he was (1) denied the aid of counsel at the coroner's inquest; (2) denied counsel at the preliminary hearing; (3) not informed by the magistrate of his rights; (4) that he was arraigned in the superior court without the advice of counsel; and (5) that defendant's attorney, who was appointed by the court and appeared for him in the superior court, failed to call as a witness a person who defendant claims heard the deceased remark in a dying statement that the ''episode was an accident.''

Since the coroner's inquest was not a trial or any part of a criminal proceeding against him, defendant was not entitled to have counsel appointed to represent him as a matter of consitutional right. (Cal. Const., art. I, § 13.)

The record, offered in evidence at the hearing on the *coram nobis* proceeding, shows that the defendant was taken before

the magistrate, the complaint was read and explained to him, and he was advised of his right to counsel along with his other constitutional rights. The record further shows that defendant waived his right to counsel by announcing that he was ready to proceed, even though he had no counsel, and further that he had an opportunity to cross-examine the witnesses who testified against him. Defendant's rights under article I, section 8 of the Constitution were fully protected. ■ He had the right to waive counsel at such preliminary hearing. It is not mandatory that a defendant be represented by counsel at the preliminary examination where he has been fully advised as to his right to counsel and has been given ample opportunity to secure the services of one if he so desires and where he waived such right. (*People* v. *Rebolledo,* 93 Cal.App. 2d 261 [209 P.2d 16]; *People* v. *Campos,* 10 Cal.App.2d 310 [52 P.2d 251].)

■ The record also shows that defendant was represented by counsel in the superior court at the time of his arraignment and plea. The minutes of the superior court show that on August 6, 1948, defendant came into court with his duly appointed counsel, Russell Yeager, and entered a plea of not guilty as to each count of the information. The case was set for trial for September 20, 1948, and later reset for October 4, 1948, at which time the defendant and his counsel appeared in court and asked the court for permission to withdraw defendant's plea and enter a plea of guilty to each count, which was done. The court then set a date for the purpose of hearing evidence to determine the degree as to the murder charge, and for the imposition of sentence. The record fails to show that defendant's counsel or the defendant ever requested the court to produce the testimony of any person pertaining to any dying statement indicating that the "episode was an accident." The trial court was justified in denying the application for a writ of error *coram nobis.* (*People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13]; *People* v. *Hall,* 100 Cal.App.2d 763 [224 P.2d 812]; *People* v. *James,* 99 Cal.App.2d 476 [222 P.2d 117]; *People* v. *Shorts,* 32 Cal.2d 502, 512 [197 P.2d 330].)

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied May 29, 1951, and appellant's petition for a hearing by the Supreme Court was denied June 14, 1951.