Commonwealth ex rel. Czako, Appellant, *v.* Maroney.

Submitted October 7, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Steve Czako,* appellant, in propria persona.

*Glenn R. Toothman,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, November 12, 1963:

This is an appeal from an order in the court below dismissing a petition for a writ of habeas corpus, after hearing. It is without merit.

The appellant, Steve Czako, was indicted and tried for murder. He was convicted by the jury of murder in the first degree on the eye-witness testimony of two of his daughters and a son. Punishment was fixed at life imprisonment. No appeal was filed from the judgment of sentence.

The first reason assigned in the present proceeding for the issuance of the writ is that the appellant was indicted and tried without a coroner's inquest first having been held.

The Act of August 9, 1955, P. L. 323, 16 P.S. §1237, requires the coroner to investigate the facts and circumstances concerning deaths, which appear to have occurred within his county, whenever such deaths are sudden, violent or suspicious, or fall within other specifically enumerated classifications not pertinent herein. The statute states that "the purpose of the investigation shall be to determine whether or not there is any reason sufficient to the coroner to believe that any such death may have resulted from the criminal acts or criminal neglect of persons other than the deceased." Generally speaking, whether or not an inquest should be held is within the exercise of a reasonable discretion by the coroner. See *Marvin v. Monroe County,* 154 Pa. Superior Ct. 75, 35 A. 2d 781 (1944).

At common law, the verdict of a coroner's jury could be used for prosecuting the offenders without and instead of an indictment by a grand jury. However, in modern times in the United States, the finding of a coroner's jury is merely advisory to the public authorities charged with the administration of the criminal law. It is only a preliminary investigation and not a trial on the merits. Its finding is binding on no one as a judgment. Its main purpose is to ascertain, if possible, if the death were due to other than natural causes. See, 13 Am. Jur., Coroners §§6, 11 (1938); 18 C.J.S. Coroners §15 (1939); 8 P.L.E. Coroners §2 (1958).

It is quite clear, therefore, that a coroner's inquest is required to be held only where the circumstances of the death are suspicious in nature and only where the cause of death is problematical or in doubt. If it is evident that the death was felonious, no inquest is necessary and would be superfluous.

Further, an inquest is for the purpose of protecting the public interest. It is not for the protection of an offender and is definitely not a necessary ingredient of due process. A defendant in a murder case has no cause to complain that an inquest was not conducted. He has suffered no prejudice.

Appellant also complains that the information filed with the justice of the peace was not in proper form, in that the complaining police officer stated and swore therein as a fact that the defendant had committed a fatal assault upon the deceased, instead of expressing the affiant's belief based upon "probable cause" that such a crime had been committed. By waiving a hearing before the committing magistrate, all purely formal procedural defects, if such existed, which did not prejudice the defendant's cause were waived: *Commonwealth v. Burall,* 146 Pa. Superior Ct. 525, 22 A. 2d 619 (1941); *Commonwealth v. Poley,* 173 Pa. Superior Ct. 331, 98 A. 2d 766 (1953). Moreover, our examination

of the record is convincing that no defect in the information existed. See, *Commonwealth v. Ginsberg,* 143 Pa. Superior Ct. 317, 18 A. 2d 121 (1941) ; *Com. v. Carson,* 166 Pa. 179, 30 Atl. 985 (1895).

Appellant also contends that he was denied a fair trial and his constitutional guarantees violated, in that one of the jurors in the case was a husband of a first cousin of the father of the district attorney's wife.

At trial, the defendant-appellant was represented by a lawyer of thirty-four years extended trial experience. Before the particular juror was questioned on his voir dire, the district attorney notified defendant's counsel of the existing relationship. During the voir dire examination, all of the facts in this connection were thoroughly elicited and candidly given. With a complete knowledge of the facts, the defense counsel saw fit to accept the individual for service on the jury. In view of these circumstances, appellant has no cause to complain. See, *Commonwealth v. McCloskey,* 273 Pa. 456, 117 Atl. 192 (1922). Additionally and all importantly, there is nothing in the record to even hint that the remote relationship of the juror in question in any way prejudiced the conduct of the trial or the verdict recorded. See, *Traviss v. Commonwealth,* 106 Pa. 597 (1884).

Finally, appellant complains that another juror in the case was distantly related through marriage to the deceased victim which precluded his receiving a fair trial. It appears that the son of a brother of the particular juror's grandfather was married to a sister of the deceased.

When questioned at the hearing in the present proceeding, the juror in question testified that at the time of the defendant's trial, she was completely unaware of any possible connection or relationship with the deceased or his family; that she did not know her remote

cousin, who was married into the deceased's family, or any member of his immediate family; that she did not know her grandfather's brother or any of his children; that she did not know the deceased or any member of his family; that there never existed any association between the families; and that her vote on the verdict in the defendant's case was based entirely on the evidence presented at trial. No evidence was offered in contradiction of this testimony. No evidence was presented to indicate that this juror acted capriciously or unfairly in discharging her responsibilities. Under the totality of the circumstances presented, appellant's complaint lacks merit and foundation.

Order affirmed.