## Commonwealth v. Mazanowski

*William D. Phillips*, Assistant District Attorney, for Commonwealth.

*Bradley R. Krosnoff*, for defendant.

SWEET, P. J., January 13, 1966. — Lloyd G. Mazanowski was charged with speeding in North Strabane Township on July 26, 1965. Trooper James T. Morgan made information before Squire Henry Mavrich. The sole defense is the summons served on Mazanowski was defective in that it did not bear the justice's seal. This would appear to be a violation of the Act of April 23, 1903, P. L. 290, 42 PS §144. It is also, at least, noncompliance with Pennsylvania Criminal Procedural Rule 110, the sample form of which carries the word "seal". Mazanowski elected to raise this defect upon appeal, rather than by certiorari. The difference is significant.

Defendant refers us to Commonwealth v. Reeder, 78 D. & C. 93 (1950), from Chester County. There, the squire sent a motor vehicle defendant a letter, rather than a summons. It was held: "The irregularity

and defect is not one merely of form", but actually jurisdictional.

Searching the cases, we also found Deppen v. Deibler's Administratrix, 5 D. & C. 252 (1924), headnote, from Dauphin County, which held, inter alia, that, "A summons without the seal of the justice of the peace violates the requirement of the Act of April 23, 1903. . . ."

In the case of Sechrist v. York Railways Company, 26 Dist. R. 658 (1917), it was said: "Where the original summons of a magistrate lacks the seal required by the Act of April 23, 1903, P. L. 290, and the defendant does not appear at the hearing, judgment thereunder will be set aside on certiorari".

Binns's Justice, part 2, sec. 245, states: "The transcript, in order to be valid, must be filed by the justice, his seal affixed to it . . ." So, apparently, the seal is a matter of some consequence. However, Mazanowski raised this technicality incorrectly. He should have brought a certiorari instead of an appeal. Since he who lives by the sword must die by the sword, it does our notions of justice little violence to meet a technical objection with a technical answer.

It was said in Commonwealth v. Hunter, 107 Pa. Superior Ct. 513 (1933), that " 'the defendant having proceeded by appeal must be presumed to have waived all mere technical errors in the proceedings of the justice, which did not go to the jurisdiction of that officer' ". Hunter was a motor vehicle violation case, where no information was filed with the magistrate. It was held that the matter should have been raised by a certiorari to the common pleas.

In Commonwealth v. Burall, 146 Pa. Superior Ct. 525 (1941), the point is made clear. "There is a marked distinction between the questions reviewable on a certiorari, and on appeal from a summary conviction. Upon a certiorari to a justice the only thing before the

court of common pleas is the regularity of the proceedings as shown by the record, provided the justice has jurisdiction and is not guilty of misconduct on his part. Upon appeal from a decision of the justice to the court of quarter sessions the cause is decided on its facts and merits only, assuming again, of course, that the justice has jurisdiction".

The same distinction is drawn in Commonwealth v. Scott-Powell Dairies, 128 Pa. Superior Ct. 598 (1937), and Commonwealth ex rel. Czako v. Maroney, 412 Pa. 448 (1963). In Czako, a murder case, it is said that, "By waiving a hearing before the committing magistrate, all purely formal procedural defects, if such existed, which did not prejudice the defendant's cause were waived".

The same distinction can also be found in Commonwealth v. Montross, 28 D. & C. 2d 781 (1962), from Wyoming County; and Commonwealth v. Goldberg, 31 D. & C. 2d 373 (1963), from Philadelphia County. There, Judge Chudoff said:

"Appellants elected to appeal their conviction by the magistrate, rather than to proceed by certiorari. By proceeding by appeal rather than by certiorari, to the Court of Common Pleas, appellants have waived any formal defects or errors in the proceedings. (citing cases).

"A defendant in a summary proceeding before a magistrate must make his election to proceed by an appeal or by certiorari. He cannot do both".

It is hard to conceive of a defect more formal and less substantial than the absence of the seal. It is impossible for us to find that the defect prejudiced this defendant in any way. To elevate this casual formality to the status of a jurisdictional defect would be an exaltation of form over substance.* Under the circum-

---

* For historical background on the seal, see article by Judge W. Walter Braham at 36 P. B. A. Q. 355 (1965).

684

stances, therefore, we are obliged to reject Mazanow-ski's contention and make the following order:

ORDER

And now, January 13, 1966, defendant is adjudged guilty as charged. He will pay the costs of prosecution and a fine of $10.