505 P.2d 251

**STATE of Arizona, Appellee.**

v.

**Howard Bruce JONES, Appellant.**

**No. 2334.**

Supreme Court of Arizona,
In Banc.
Jan. 9, 1973.

———◆———

Gary K. Nelson, Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by James H. Kemper, Asst. Public Defender, Phoenix, for appellant.

HOLOHAN, Justice:

Howard Bruce Jones appeals from a conviction of first degree murder and a sentence of life in prison.

After an argument with one R. B. Cheatham over a dice game, the defendant left the scene. He sought to borrow a gun from his father but was unsuccessful. The defendant obtained a gun from his sister, and later he told a friend that "I'm going to kill me a Cheatham." Later that night after 10 p. m. the defendant went to May Stone's Tavern in Phoenix and encountered R. B. Cheatham's brother, Ezell. After a short conversation between the two, Ezell Cheatham started to leave, and Jones drew the gun and shot Ezell twice, once in the back and once in the head.

Five witnesses testified that the victim had turned away from Jones and walked several steps when the shots were fired. Jones testified that he shot in "self-defense" after Ezell Cheatham made a quick movement with his hands. There was no testimony by Jones or any other witness that there was a sudden quarrel, and Jones admitted that he had armed himself in anticipation of trouble if he should meet the victim's brother.

The sole theory of the case presented by the defense at trial was self-defense. No instructions regarding second degree murder, voluntary manslaughter or any other lesser included offense were requested by the defense and none were given by the trial court.

The defendant in this appeal urges that the failure of the trial judge to instruct the jury on second degree murder and voluntary manslaughter is reversible error.

■ In a homicide case it is the duty of the trial court to instruct the jury on every grade of offense supported by the evidence and, conversely, to refuse to instruct on other grades of the offense not supported by the evidence. State v. Dixon, 107 Ariz. 415, 489 P.2d 225 (1971); State v. Prewitt, 104 Ariz. 326, 452 P.2d 500 (1969); State v. Sorensen, 104 Ariz. 503, 455 P.2d 981 (1969).

■ The defense in the case was that the defendant acted in self-defense. There was no contention that there was a sudden quarrel or heat of passion. The evidence offered by the defendant was that he was in fear for his safety and that he carried the gun for his own protection. The trial court instructed the jury on the issue of self-defense.

Defense counsel did not request an instruction on any lesser degree of homicide, and none was given by the trial court. The matter of instructions on lesser degrees of homicide was raised for the first time on appeal. The evidence at the trial does not support the contention that instructions on other grades of homicide should have been given. If the jury accepted the defendant's version that he acted in self-defense, an acquittal would follow; if the jury accepted the State's version, conviction of first degree murder was the correct result.

The evidence produced by the parties at the trial presents an "either-or" situation, either conviction of the charge or acquittal. State v. Schroeder, 95 Ariz. 255, 389 P.2d 255 (1964). The evidence presented by the State showed a wilful, deliberate, premeditated killing of the victim. The evidence offered by the State showed that the defendant armed himself, stated an intention to kill a Cheatham, confronted the victim, and shot him twice after the victim

turned his back to the defendant. Such evidence does not suggest any lesser degree of homicide and would not permit an instruction on another grade of homicide. State v. Sorensen, *supra*.

Having found no error in the case, the judgment and sentence are affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.