519 P.2d 44

**STATE of Arizona, Appellee,**

v.

**Steven CARUTHERS, Appellant.**

**No. 2297–2.**

Supreme Court of Arizona,
In Banc.
Feb. 22, 1974.
Rehearing Denied March 19, 1974.

Gary K. Nelson, Atty. Gen., by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Thomas A. Moran, Yuma, for appellant.

STRUCKMEYER, Justice.

Appellant, Steven Caruthers, was convicted of second degree murder by jury in the Superior Court of Yuma County, Arizona. From the conviction and sentence thereon, he appeals.

On the night of May 7, 1970, appellant and the deceased, Leandra Fowler, shared a room at the Stardust Hotel in Yuma. For several days prior thereto, as well as on May 7th, they were attempting to withdraw from the use of heroin by injecting nembutal into their veins. Appellant owned a .38 caliber automatic pistol. While they lay on the bed, the gun was fired and Leandra Fowler was killed. A coroner's jury found that the deceased met death from a gunshot wound in the head.

Appellant argues that because a coroner's jury found that the deceased "met death by gunshot wound in head" and did not find that she was killed by criminal means, the justice of the peace who conducted his preliminary examination lacked jurisdiction to act upon the accusation of a criminal complaint. It is urged that the county attorney may only institute homicide proceedings upon information supplied by the record of the coroner's inquisition.

By A.R.S. § 22–517, the coroner's jury is charged with not only determining whether a death is occasioned by criminal means but who is guilty thereof. But the failure to find that the victim of the homicide came to her death by an act of criminal means or that appellant was guilty

thereof does not prevent a subsequent prosecution for homicide.

"At common law, the verdict of a coroner's jury could be used for prosecuting the offenders without and instead of an indictment by a grand jury. However, in modern times in the United States, the finding of a coroner's jury is merely advisory to the public authorities charged with the administration of the criminal law. It is only a preliminary investigation and not a trial on the merits. Its finding is binding on no one as a judgment. Its main purpose is to ascertain, if possible, if the death were due to other than natural causes." Commonwealth of Pennsylvania ex rel. Steve Czako v. Maroney, 412 Pa. 448, 450, 194 A.2d 867, 868 (1963).

A coroner's inquest is not a part of a criminal prosecution. State v. Bartley, 337 Mo. 229, 84 S.W.2d 637 (1935); Morton v. State, 3 Tenn.Cr.App. 195, 458 S.W.2d 808 (1970).

■■■ Since the coroner's inquest is not a trial nor a part of a criminal proceeding, appellant was not entitled to have counsel appointed to represent him at the inquest as a matter of constitutional right. People v. Coker, 104 Cal.App.2d 224, 231 P.2d 81 (1951). Nor can we think of any reason why due process would require that he be given the right to cross-examine or confront the witnesses at the inquest.

■■■ Appellant further argues that the Justice Court of Yuma County did not acquire jurisdiction to conduct a preliminary hearing simply by the receipt of an affidavit or criminal complaint alleging homicide. He asserts that in homicide proceedings the information is supplied by the record of the coroner's inquest. As we have heretofore pointed out, the coroner's inquest is not a part of the criminal prosecution. In Arizona, the criminal prosecution may be commenced by complaint in writing, under oath, brought before a magistrate and setting forth the offense charged. Rule 1, Rules of Criminal Procedure, 1956, A.R.S. 17.

■■ Appellant argues that he was denied constitutional rights because the coroner was also the committing magistrate at his preliminary hearing. He argues that he has a right to a detached, neutral magistrate. With this latter statement, we are inclined to agree, but there is nothing in the record to show that the magistrate who had previously acted as the coroner was not detached and neutral or in any way biased, prejudiced or unfair. We do not assume simply because a justice of the peace must act in a dual capacity as both coroner and committing magistrate that he is not detached and neutral.

■■■ Appellant also urges that it was error for the trial court to fail to instruct the jury on voluntary manslaughter. As to this, the evidence does not support an instruction on voluntary manslaughter. The defense theory of the case was that the shooting was an accident, or that defendant was in a drug stupor at the time of the offense. There was no showing that Leandra Fowler was slain upon a sudden quarrel or in the heat of passion, as is required by A.R.S. § 13-456(A)(1). Instructions which are clearly not supported by the evidence are improper. State v. Jones, 109 Ariz. 80, 505 P.2d 251 (1973); State v. Quila, 108 Ariz. 488, 502 P.2d 525 (1972).

■■ Finally, appellant contends that the trial court used prior invalid misdemeanor convictions in assessing punishment. This is because the trial judge examined the appellant's criminal record which disclosed convictions for misdemeanors before sentencing him. This situation is readily distinguishable from those cases which forbid the use of constitutionally infirm prior convictions to increase punishment. *See* Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L. Ed.2d 606 (1967); State v. Renaud, 108 Ariz. 417, 499 P.2d 712 (1972).

Murder in the second degree is punished by imprisonment in the state prison for not less than ten years, A.R.S. § 13-453(B). And by § 13-1644, A.R.S., the trial court is

permitted to set any term of years so long as it is not less than the statute provides. This is not a case where the trial court imposed an increased punishment because of a recidivist statute, *see, e. g.*, A.R.S. §§ 13–1649 and 13–1650. Rather, the court was exercising its obvious duty to weigh all factors relative to goals of punishment and through the application of its discretion arrived at an appropriate sentence.

Judgment is affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.