[Criminal No. 942.   Filed May 1, 1944.]

[148 Pac. (2d) 592.]

## THE STATE OF ARIZONA, Appellee, v. ELLIS ROSS, Appellant.

Mr. Joe Conway, Attorney General, Mr. Thomas J. Croaff, Assistant Attorney General, Mr. James A. Walsh, County Attorney and Mr. Francis J. Donofrio, Deputy County Attorney, for Appellee.

Messrs. Struckmeyer & Struckmeyer, for Appellant.

DE CONCINI, Superior Judge.—Appellant Ross was convicted with his co-defendant in the court below of the crime of robbery.

The appellant brings his appeal to this court, predicating the same upon several assignments of error, the most important being that the court erred in refusing to submit but two forms of verdict; one finding both defendants guilty and the other finding both defendants not guilty.

The trial judge charged the jury as follows:

"If one of the defendants is guilty, both of the defendants are guilty. If one of the defendants is innocent, both are innocent.

"I believe that covers all the instructions requested."

At the conclusion of the charge the following colloquy ensued between court and counsel, as disclosed by the Reporter's Transcript:

"Mr. Struckmeyer (attorney for appellant Ross): I have one. That both of the defendants are not guilty if one is found not guilty, unless the other defendant knew of the acts constituting the crime.

"The Court: Under all of the evidence there couldn't be anything else other than knowledge, under the evidence here.

"Mr. Donofrio (State's attorney): The accessory is just as guilty as the principal.

"Mr. Struckmeyer: Not an accessory after the fact. I take an exception, then, to the refusal of the court to instruct on that point.

"The Court: What is it?

"Mr. Struckmeyer: I take an exception to the refusal.

"The Court: All right. That is the law, Mr. Struckmeyer; that is the law under the facts."

While from the above quoted language it is not clear that counsel for the defendants requested the court to submit separate verdicts for each defendant, yet such a conclusion is justified in view of his statement that "unless the other defendant knew of the acts constituting the crime."

■ The statement of the trial court that "under all of the evidence there couldn't be anything else other than knowledge, under the evidence here" is clearly a comment on the facts, and as such usurps the function of the jury.

■ Regardless of the clarity and nature of the exceptions noted, this court is of the opinion that under our law co-defendants are entitled to the submission of separate verdicts.

Section 44–1924, Arizona Code Annotated 1939 reads:

"On the trial of two (2) or more defendants jointly the jurors may render a verdict as to each defendant in regard to whom the required number of jurors agree."

■ The majority rule seems to be that joint verdicts in such cases as this are insufficient. However, there is a line of authority holding contrary, but those cases can be distinguished from the case at bar in that the evidence was *exactly* the same as to all defendants. In this case the evidence was slightly different. Furthermore, there was no evidence of a plan or conspiracy to rob. There was no demand of the victim by either defendant to surrender his valuables. There was an altercation resulting from the use of profane language in the presence of womenfolk. There was evidence that the complaining witness was robbed by one or both of the defendants when he was knocked unconscious. Defendants, however, deny it. It would then be the jury's duty to decide whether one or both was guilty or innocent.

Under Section 44–1924, *supra,* the defendant was entitled to have the jury bring in separate verdicts. He was denied that privilege. The lower court is reversed.

The appellant raises several other assignments of error which we deem it unnecessary to rule upon in view of the reversal.

ROSS and STANFORD, JJ., concur.

EVO DE CONCINI, Judge of the Superior Court of Pima County, sitting in the place and stead of Chief Justice A. G. McALISTER.