■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS MICHAEL GREICO, Defendant, and JOHN SHAHINIAN and LILLIAN SHAHINIAN, Also Known as LILLIAN EMMONS, Appellants.— Appeal by the defendants John Shahinian and Lillian Shahinian from judgments of the County Court, Dutchess County, rendered September 20, 1960 after a jury trial, convicting them of conspiracy, burglary in the third degree and grand larceny in the first degree, and imposing sentence. The codefendant Greico was acquitted. Judgments reversed on the law and on the facts and a new trial ordered as to both appellants. While the evidence was largely circumstantial, we believe it was sufficient to establish, beyond a reasonable doubt, the appellants' guilt of the crimes of conspiracy and grand larceny in the first degree. However, we are of the opinion that their guilt upon the charge of burglary in the third degree was not so proved. No evidence was adduced of a breaking into the fur shop claimed to have been burglarized. It is possible that the door to the shop had been left open by the employee who had a key to the door, but such employee was not called as a witness. (*People* v. *Krevoff,* 11 A D 2d 1053; cf. *People* v. *Taylor,* 15 A D 2d 962.) Sufficient evidence to establish the breaking may be available to the People on a new trial. We are also of the opinion that the Trial Judge erred (a) in charging the jury that their verdict must be the same on all three counts of the indictment (*People* v. *Moore,* 261 App. Div. 876; *People* v. *Hicks,* 11 A D 2d 1076); and (b) in failing clearly and fully to instruct the jury, both at the time testimony was received as to admissions by the codefendant Greico inculpating appellants, and at the time of the charge, that such testimony was not binding on appellants (cf. *People* v. *Marshall,* 306 N. Y. 223; *People* v. *Lombard,* 4 A D 2d 666). Although no exceptions to the charge were taken and no requests to charge were made on behalf of appellants, it is our opinion that the errors referred to were prejudicial and that a new trial is required in the interests of justice (Code Crim. Pro., § 527). Ughetta, Christ, Brennan and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgments with the following memorandum: I agree that it was error for the trial court to fail to charge that the admissions by the codefendant Greico were not binding on appellants. However, I do not agree that this error is sufficient to justify reversal because: (1) appellants' guilt was clearly established by the evidence; (2) the jury obviously did not believe that Greico made any admissions because they acquitted him; (3) appellants took no exception and made no request to charge with respect to such admissions; and (4) the point is not raised in the appellants' brief. Although it was error to charge that the verdict must be the same on all three counts, such error may be corrected by reversing the judgments with respect to the

burglary count, by dismissing said count of the indictment, and by affirming the judgments as to the conspiracy and grand larceny counts with respect to which the court is unanimous that the evidence was sufficient to establish appellants' guilt.