449 P.2d 968

**The STATE of Arizona, Appellee,**

**v.**

**Gene REYNOLDS, Appellant.**

**No. I CA–CR 169.**

Court of Appeals of Arizona.

Jan. 29, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Special Asst. Atty. Gen., for appellee.

John F. Swartz and Lester S. Hoyle, Phoenix, for appellant.

DONOFRIO, Chief Judge.

On October 24, 1967, appellant Gene Reynolds went to trial for three counts of forgery. The jury returned a verdict of guilty as charged in the information for the crime of Forgery, Counts One, Two and Three. The trial court submitted to the jury two forms of the verdicts. Omitting the formal parts, they read as follows:

### FIRST FORM

"We, the jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the defendant guilty of the crime of Forgery, Counts I, II, and III."

### SECOND FORM

"We, the jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the defendant not guilty of the crime of Forgery, Counts I, II, and III."

It was defendant's story that he loaned a man $20.00. The man was a stranger to the defendant and gave defendant one of his credit cards. The stranger told defendant to use the credit card and charge as

much as he wanted. They planned to settle up their difference afterward. The defendant used the credit card for three purchases of $28.06, $49.91 and $11.43, signing the credit slips with the name of the person whose name appeared on the credit card. The owner of the credit card denied ever giving the card to defendant or authorizing him to sign his name to any of the slips.

The sole issue raised by the defendant in this appeal is whether the trial court erred in submitting to the jury a form of verdict which permitted the jury to either find the defendant guilty of the crime of forgery, Counts 1, 2 and 3, or not guilty of the crime of forgery, Counts 1, 2 and 3.

 Although the better practice which is now followed by practically all Arizona trial courts is to submit forms of verdicts to the jury for their convenience, the law does not require that this be done. However, when the court submits verdict forms to the jury, then the forms must show every kind of verdict that may be returned by the jury. State v. Griffith, 92 Ariz. 273, 376 P.2d 134 (1962); West v. State, 24 Ariz. 237, 208 P. 412 (1922). See also People v. Bean, 88 Cal.App.2d 34, 198 P.2d 379 (1948); Webster v. State, 96 Okl.Cr.App. 44, 248 P.2d 646 (1952).

 The Arizona Supreme Court has stated that our Rules of Criminal Procedure entitle co-defendants to have separate verdict forms submitted to the jury. State v. Ross, 61 Ariz. 288, 148 P.2d 592 (1944). In that case the court was construing Sec. 44–1924, Arizona Code Annotated, 1939, now Rule 296 of the Arizona Rules of Criminal Procedure, 17 A.R.S. Even though there is no rule involved in this case, we think their reasoning is just as persuasive when there is only one defendant, but several counts. In a jury trial the law of this state places the responsibility of determining defendant's guilt or innocence on each count exclusively in the hands of the jury.

 In the instant case the defendant may have been found guilty on one or more

than one count without any factual inconsistency. It would be error, however, for the Court to instruct or suggest in some manner to the jury that their verdict must be the same on all three counts. People v. Greico, 17 A.D.2d 855, 233 N.Y.S.2d 528 (1962). Such would be a comment on the evidence in violation of the Arizona Constitution, Art. 6, Sec. 27, A.R.S.

In State v. Hoffman, 78 Ariz. 319, 279 P.2d 898 (1955), on the question of whether the trial court failed to state specifically that defendant could be found guilty or not guilty on each count separately, the Supreme Court after considering all the instructions as a whole, approved the following instruction on the forms of verdict:.

"You will be furnished with ten forms of verdict. There will be two verdicts to each count. On each count there will be a verdict, one of guilty and one of not guilty. I am not going to go through and read each one but they are separated and itemized as to each count. You can examine them and I am sure they will be self-explanatory to you." 78 Ariz. at page 327, 279 P.2d at page 903.

In Hoffman the court found that the trial court had instructed the jury to consider the guilt or innocence as to each count.

 We are not unmindful of the statement in State v. Griffith, supra, to the effect that although failure to give a form covering every kind of verdict possible is error, it is not reversible error unless the omission prejudiced in some way the rights of the defendant. The omission in the present case before this Court would not have been so prejudicial as to warrant a reversal if the court had instructed the jury that each and every essential element of the crime must be proved beyond a reasonable doubt for each and every count for which the jury returns a verdict of guilty.

Each of the counts in this case was a separate offense. Nothing appears in the instruction which apprises the jury of the fact that if they found the defendant guilty of one count, they were not necessarily re-

quired to find him guilty of the other counts, or that the prosecution had the burden of proof as to each count. Absence of these instructions, and the verdict forms being made out as they were, it is highly possible that the jury may have believed that they were required to either find the defendant guilty of all three counts, or else let him go completely. This would obviously have been an erroneous impression to leave with the jury, and prejudicial.

As was announced by our Arizona Supreme Court:

"The purpose of instructions is to advise the jury of the legal principles applicable to the case, which principles must be applied to the facts proved to render a valid verdict. Coyner Crop Dusters v. Marsh, 90 Ariz. 157, 367 P.2d 208, reversed on other grounds 91 Ariz. 371, 372 P.2d 708; Valley Nat. Bank v. Witter, 58 Ariz. 491, 121 P.2d 414; 88 C.J.S. Trial § 66. * * *" State v. Maloney, 101 Ariz. 111, 114, 416 P.2d 544, 547 (1966).

 We recognize that the defendant, usually through his attorney, has the duty to request explanations and clarifications of misleading instructions. In the instant case, however, the instructions given, coupled with the verdict forms provided, were so misleading as to be fundamental error; requiring reversal regardless of whether explanatory instructions were requested or not. In a criminal trial the jury instructions must cover all of the possible verdicts in order to be a sufficient charge. Beard v. State, 216 Md. 302, 140 A.2d 672 (1958); State v. Ferguson, 240 La. 593, 124 So.2d 558 (1960); Sullivan v. State, 236 Ind. 446, 139 N.E.2d 893 (1957).

This concept of fundamental fairness as to the absence of non-requested, yet essential and vital instructions, is prevalent throughout the cases. It is the duty of the court in criminal cases to give instructions on the general fundamental principles of law pertaining to the offense charged. State v. Betts, 71 Ariz. 362, 227

P.2d 749 (1951); 23A C.J.S. Criminal Law § 1326 n. 98, 99.

Reversed for further proceedings not inconsistent with this opinion.

STEVENS and CAMERON, JJ., concur.