659 P.2d 1268

**STATE of Arizona, Appellee,**

v.

**Robert Lopez SANCHEZ, Appellant.**

**No. 5702–PR.**

Supreme Court of Arizona,
In Banc.

Jan. 28, 1983.

Rehearing Denied Mar. 8, 1983.

Robert K. Corbin, Atty. Gen., Phoenix by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender, Tucson by Lawrence H. Fleischman, Deputy Public Defender, for appellant.

CAMERON, Justice.

We granted the petition for review of defendant Robert Lopez Sanchez of an opinion and decision of the Court of Appeals, 134 Ariz. 144, 659 P.2d 1289, which affirmed his conviction of guilt of two counts of sexual conduct with a minor, A.R.S. § 13–1405, and two counts of child molestation, A.R.S. § 13–1410, and presumptive concurrent terms under A.R.S. §§ 13–701 and 13–708. We have jurisdiction under A.R.S. §§ 12–120.24 and 13–4035, and Ariz. Const. art. 6 § 5(3).

The Court of Appeals, in its opinion, considered two questions. One was the question of the testimony of the psychologist who examined the defendant pursuant to Rule 11 of the Arizona Rules of Criminal Procedure, 17 A.R.S. Both the state and the Court of Appeals agreed that this was error, but that it was harmless. Since we reverse and remand for new trial on the second issue, we need not consider the matter further, as we assume the error will not be repeated on retrial. We then consider only one question and that is whether the trial court erred in failing to properly instruct and provide a form of verdict of "not guilty by reason of insanity."

This question was not initially raised by the defendant, but the Court of Appeals, on its own motion, considered the question of

whether the failure to submit a "not guilty by reason of insanity" verdict amounted to fundamental error, and invited the parties to submit supplemental briefs on the issue, which was done. The Court of Appeals, without answering the question of fundamental error, held that the failure to submit a "not guilty by reason of insanity" verdict did not prejudice the defendant's rights because "[t]he verdict forms as submitted did respond to substantially every issue in the case since the jury could take the issue of the appellant's insanity into account in returning a verdict of guilty or not guilty." *State v. Sanchez,* supra, 135 Ariz. at 148, 659 P.2d at 1293. We do not agree with the Court of Appeals on this point.

The sole defense raised at trial was insanity. Both the defendant's mental health expert and the state's psychologist testified on this issue. The trial court, in addition to defining insanity, instructed the jury as follows:

"A person is not responsible for criminal conduct if, at the time of such conduct, the person was suffering from a mental disease or defect as not to know the nature and quality of the act, or if such person did know that—such person did not know that what he was doing was wrong.

* * * * * *

"Where insanity is in issue, the burden of the State is to establish a reasonable doubt the converse; that is, that the defendant knew the nature and ability of his act, and that he knew what he was doing was wrong."

The trial court did not, however, instruct the jury that if it found the defendant to be insane, it must find him not guilty of the crimes charged; nor did it submit to the jury a form of verdict of "not guilty by reason of insanity." The only forms of verdicts were "guilty" and "not guilty."

■ The law of this state has been, for some 60 years, that while not required, when the trial court submits forms of verdict to the jury, a form of every kind of verdict that is reasonably supported by the evidence is indicated. We agree with the statement by the Court of Appeals:

"Although the better practice which is now followed by practically all Arizona trial courts is to submit forms of verdicts to the jury for their convenience, the law does not require that this be done. However, when the court submits verdict forms to the jury, then the forms must show every kind of verdict that may be returned by the jury. (citations omitted)" *State v. Reynolds,* 9 Ariz.App. 131, 133, 449 P.2d 968, 970 (1969). See also *State v. Clayton,* 109 Ariz. 587, 600, 514 P.2d 720, 733 (1973).

We have also stated that unless the verdict omission prejudices the defendant's rights, it will not be held reversible error. *State v. Gonzales,* 105 Ariz. 434, 436, 466 P.2d 388, 390 (1970); *State v. Garcia,* 102 Ariz. 468, 471, 433 P.2d 18, 21 (1967); *State v. Griffith,* 92 Ariz. 273, 275, 376 P.2d 134, 135 (1962); *West v. State,* 24 Ariz. 237, 248, 208 P. 412, 415–16 (1922). See also Ariz. Const. art. 6 § 27 (1960).

■ In the case, as here, where the defense of insanity is before the jury, the Arizona Rules of Criminal Procedure require more:

"b. Insanity Verdicts. When the jury determines that a defendant is not guilty by reason of insanity, the verdict shall so state." Rule 23.2(b), Arizona Rules of Criminal Procedure, 17 A.R.S.

We believe that submission of a form of verdict of not guilty by reason of insanity is mandated by Criminal Rule 23.2(b), where a defendant's sanity is at issue, and failure to include this form of verdict with the other forms of verdicts was error, requiring reversal of the defendant's conviction. This omission is particularly prejudicial to the defendant because the failure to submit a form of verdict on insanity followed an incomplete instruction as to the duty of the jury if they found the defendant insane. The jury was not told it must return a

verdict of not guilty by reason of insanity as required by the rule if it found the defendant insane. The insufficiency of the instructions, together with the lack of a form of verdict, effectively denied the defendant his insanity defense. We cannot say there was lack of prejudice in these omissions.

Reversed and remanded for new trial.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.