682 P.2d 1136

The STATE of Arizona,
Appellee/Respondent,

v.

Ramon Pinez FLORES,
Appellant/Petitioner.

Nos. 2 CA–CR 2845, 2 CA–CR 3165–2PR.

Court of Appeals of Arizona,
Division 2.

Jan. 19, 1984.

Review Denied May 30, 1984.

470

Robert K. Corbin, Atty. Gen. by William J. Schafer III and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee/respondent.

Stanton Bloom, Tucson, for appellant/petitioner.

## OPINION

BIRDSALL, Chief Judge.

The appellant was convicted of kidnapping and aggravated assault. Both crimes were held to be of a dangerous nature since the jury found they involved the use of a dangerous instrument. The jury found the appellant not guilty of armed robbery. The court found the following aggravating circumstances: 1) the threat of infliction of serious physical injury, 2) the use of a dangerous instrument, 3) four prior felony convictions, and 4) the fact that the defendant was on probation at the time he committed the crimes. He was given the maximum aggravated sentence in the assault, 15 years, and a concurrent aggravated sentence of 15 years on the kidnapping. The state dismissed allegations of prior convictions.

We are asked to decide the following questions on appeal:

1) Should the state have been precluded from using the prior convictions for impeachment?

2) Did the victim create fundamental error when he voluntarily said he "dropped a charge against Mr. Flores"?

3) Did the trial court improperly comment on the evidence?

4) Should the trial court have, sua sponte, given an instruction on unlawful imprisonment as a lesser included offense of kidnapping?

5) Should the trial court have given the requested instruction on disorderly conduct as a lesser included offense of aggravated assault?

6) Did the trial court err in sentencing on the kidnapping as a class 2 felony?

7) Was the sentence cruel and unusual punishment?

8) Was the appellant denied effective assistance of counsel?

We affirm as to the assault but reverse the kidnapping conviction.

The evidence viewed in the manner most favorable to sustaining the convictions showed that the victim was waiting on the front porch of a Tucson residence for a friend. Two ladies were also on the porch with him. The appellant accompanied by his brother-in-law drove up to the residence in an overheated car and parked on the street. The appellant and his passenger walked up to the porch, insulted the victim by using the word "nigger", and appellant then challenged the victim to a race with their cars—the winner to receive the title to the other's car. Although the evidence is in conflict as to whether the victim accepted, the appellant left, drove his car around the block and returned. He then came back to the porch and demanded the victim's title. He drew his knife and struck the victim on the side of the face. He then forced the victim, by threat of the knife, to go to his car and get the title. After this was done they returned to the porch, where the victim retaliated by chasing the appellant and striking him with a piece of wood. The police arrived in time to prevent any further activities and arrested the appellant.

### The Priors

The appellant's trial counsel filed a written motion to preclude the state from using the prior felony convictions for impeachment. That motion contended that the state would be unable to prove that the probative value of such evidence would outweigh its prejudice. It was also argued that a 1968 conviction for burglary could not be used since it was more than 10 years old. Rule 609(b), Rules of Evidence, 17A A.R.S. provides:

"*Time limit.* Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

Since the motion was made March 11, 1981, more than 10 years had expired unless the appellant had not been released from his imprisonment as a result of that conviction until after March 11, 1971. The copy of the sentencing order attached to the allegations of prior convictions filed with the indictment shows he was sentenced to prison December 5, 1968 for not less than six nor more than eight years, to run consecutive to another sentence he was then serving. On that same date he was also sentenced to 4 to 6 years for grand theft, to be

served consecutive to the sentence he was serving and to the burglary sentence.

The other convictions alleged which were the subject of the motion were for possession of heroin and first degree burglary. Under the sentence pronounced June 14, 1978, he received two to six years for the narcotics offense and ten years probation on the burglary.

The court heard this motion on the morning of trial. The minute entry containing the court's findings and decision follows:

"Counsel argue to the Court.

With regard to defendant's prior felony convictions, both those alleged with the indictment and the additional ones Mr. Himelic has mentioned during this hearing, and which were included in the disclosure,

It is the determination of the Court that each of these were punishable by imprisonment in excess of one year under the law under which the defendant was convicted.

It is further determination of the Court that the probative value of admitting the evidence outweighs the prejudicial effect.

The Court denies the motion in limine and rules that said evidence concerning defendant's prior felony convictions may be admitted."

The court reporter's notes of that hearing were lost and no verbatim transcript could be prepared. However, counsel agreed upon a reconstruction of that record, pursuant to Rule 31.8(f), Rules of Criminal Procedure, prepared by appellant's then appellate counsel.[1] This added nothing to what we have already set forth except that the appellant's counsel stressed that the appellant would be prejudiced in his defense should the motion not be granted because he could not otherwise testify.

■ The appellant now contends that because of the missing transcript we should find the trial court erred. Along with other arguments he speculates that the appellant may have been released on the 1968

burglary conviction prior to 10 years before the March 1981 trial. We disagree. Although we recognize the state's burden in a Rule 609 hearing, *State v. Becerill*, 124 Ariz. 535, 606 P.2d 25 (App.1979), we presume from the ruling of the trial court that this burden was satisfied. The issues which were before the court were those raised in the motion. One of these concerned whether the 1968 conviction was stale. We will not presume error. Nowhere does the appellant suggest that he was actually released from imprisonment on the burglary conviction short of his minimum sentence. We find no error.

### Victim's Remark

After both counsel had concluded their examination of the victim, and as he was about to step down from the witness stand, the court thanked him and he said:

"Could I say something, Your Honor? I dropped a charge against Mr. Flores."

■ The remark was completely unsolicited and apparently caught everyone by surprise. No one, counsel or the court, said or did anything and nothing in the record suggests what the victim had in mind. Thus the trial court has had no opportunity to consider whether the remark was so prejudicial as to warrant a mistrial or new trial. Based on the record of the entire trial we find the prejudice, if any, was minimal.

■ The appellant argues that this was the equivalent of suggesting another bad act to the jury and for that reason necessitates reversal. We do not believe it rises to that magnitude. Rather we believe it is better categorized as one of those incidents which occur in a jury trial that cannot be avoided, but which does not warrant such drastic action as reversal. It is an example of the often stated fact that no one—including a criminal defendant—is entitled to a perfect trial—only a fair one. *See State v. Skinner*, 110 Ariz. 135, 515 P.2d 880 (1973); *State v. Dillon*, 26 Ariz.App. 220,

---

1. Present appellate counsel was subsequently substituted.

547 P.2d 491 (1976); *State v. Hunt*, 8 Ariz. App. 514, 447 P.2d 896 (1968).

### Alleged Comment on the Evidence

■ This alleged error arises from the trial court's explanation of the incident to the jury panel for purposes of voir dire examination relating to their knowledge of the case. The trial judge was most careful to couch his statements in terms such as "he is charged ..." and "it is claimed ...". He even admonished the jury:

"Now, bear in mind the facts that come out may bear little resemblance to what I just said. That's just to sort of set the stage for you and give you some idea of some of the events that are claimed to have taken place."

Our supreme court has just rejected a similar claim in *State v. Summerlin*, 138 Ariz. 426, 675 P.2d 686 (1983). There was no comment on the evidence.

### Lesser Included Offenses

■ The appellant makes two contentions in this regard. First, appellant argues that the trial court should, sua sponte, have instructed the jury that unlawful imprisonment, A.R.S. § 13–1303, is a lesser offense of kidnapping, A.R.S. § 13–1304. We agree.

Unlawful imprisonment is defined as knowingly restraining another person. Kidnapping is knowingly restraining another person with the intent to commit any one of six enumerated acts. A.R.S. § 13–1304. The indictment charged appellant with kidnapping with the intent to aid in the commission of a felony, in this case, robbery, and the jury was so instructed.

The conduct which constituted restraint was the moving of the victim from the porch to his car to get the title. The title was the property the state claimed was taken at knife point to constitute that crime. The appellant claimed that he had the right to take that title because of the wager. There was sufficient evidence of this claim for the judge to instruct, as he did,

"If a person takes property from another, even by force, the person does not commit robbery thereby if he entertains a good faith belief that he has a claim of right to the property taken. That is, if the defendant believes he has a legitimate claim of right to the property, however ill advised this claim of right may be, by taking the property, even by force, he does not commit the crime of robbery or armed robbery."

Therefore, if the jury believed that robbery was not committed for that reason, then the restraint was not committed with the intent to commit robbery. In fact, the jury may have believed this since they found the defendant not guilty of robbery. That is immaterial, however, since it could have found the appellant not guilty for any number of reasons. The important point is that the evidence supports an instruction and verdict on unlawful imprisonment as a lesser included offense of kidnapping. *State v. Caudillo*, 124 Ariz. 410, 604 P.2d 1121 (1979).

■ The trial court must submit forms of verdict for all offenses necessarily included in the offense charged if there is evidentiary support and if the verdict is requested. We find *Ward v. Territory of Arizona*, 7 Ariz. 241, 64 P. 441 (1901), holding that failure to request an instruction on manslaughter in a murder case was a waiver of error, uncontrolling because it concerned a lesser grade of homicide and not two separate offenses. *Ward* has never been cited in any subsequent Arizona opinion. In view of innumerable decisions holding it error to fail to instruct on all grades of homicide, we question the continuing validity of its holding. *See State v. Ramirez*, 116 Ariz. 259, 569 P.2d 201 (1977); *State v. Jones*, 109 Ariz. 80, 505 P.2d 251 (1973); *State v. Ramos*, 108 Ariz. 36, 492 P.2d 697 (1972); *see also* Rule 23.3, Rules of Criminal Procedure, 17 A.R.S. This rule is taken from Federal Rules of Criminal Procedure, Rule 31(c). Although there are federal cases holding that it is not error for the court to fail to instruct on a lesser included offense if there was no request for such an instruction, *United*

*States v. Seijo,* 537 F.2d 694, 698 n. 5 (2d Cir.1976), cert. denied, 429 U.S. 1043, 97 S.Ct. 745, 50 L.Ed.2d 756 (1977); *Himmelfarb v. United States,* 175 F.2d 924, 944 (9th Cir.1949), cert. denied, 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527 (1949), other federal cases hold that even where there has been no request the appellate court may consider whether the failure to instruct on the lesser offense was plain error. *United States v. Vincent,* 648 F.2d 1046 (5th Cir. 1981); *United States v. Lincoln,* 630 F.2d 1313 (8th Cir.1980); *United States v. Lone Bear,* 579 F.2d 522 (9th Cir.1978).

■■■ We believe the better rule to be that a failure to instruct, absent a request, should be examined to determine if fundamental error has occurred. Fundamental error is error of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial. *State v. Smith,* 114 Ariz. 415, 561 P.2d 739 (1977). Since we find that the appellant here was so clearly entitled to an instruction and verdict form on unlawful imprisonment, he did not have a fair trial on the kidnapping charge. Reversal is required because the error went to the very foundation of his theory of the case and took away a right essential to his defense. *State v. Pulliam,* 87 Ariz. 216, 349 P.2d 781 (1960), overruled on other grounds. *See State v. Cobb,* 115 Ariz. 484, 566 P.2d 285 (1977). Reversal is required where fundamental error harms a defendant. *State v. Sorrell,* 132 Ariz. 328, 645 P.2d 1242 (1982). Since the jury could have found the appellant guilty only of unlawful imprisonment, a Class 6 felony carrying a presumptive term of 1½ years, rather than kidnapping, a Class 2 felony with a presumptive sentence of 7 years, we find that he was harmed and that reversal is required. Our holding on this issue is also supported by the Arizona decisions finding fundamental error where the trial court has failed to instruct, sua sponte, on matters vital to a proper consideration of the evidence. *See State v. Para,* 120 Ariz. 26, 583 P.2d 1346 (App.1978); *State v. Brock,* 101 Ariz. 168, 416 P.2d 601 (1966).

■■■ The second contention concerning a failure to give a requested instruction on disorderly conduct as a lesser offense of aggravated assault is without merit. Disorderly conduct is defined in A.R.S. § 13–2904(A) as:

"A. A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person:

1. Engages in fighting, violent or seriously disruptive behavior; or

2. Makes unreasonable noise; or

3. Uses abusive or offensive language or gestures to any person present in a manner likely to provoke immediate physical retaliation by such person; or

4. Makes any protracted commotion, utterance or display with the intent to prevent the transaction of the business of a lawful meeting, gathering or procession; or

5. Refuses to obey a lawful order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard or other emergency; or

6. Recklessly handles, displays or discharges a deadly weapon or dangerous instrument."

The test for determining whether an offense is the lesser-included of another is whether the greater offense can be committed without committing the lesser. *State v. Jackson,* 121 Ariz. 277, 589 P.2d 1309 (1979). Since disorderly conduct requires proof of an element not found in assault, i.e., the intent to disturb the peace or quiet, or the knowledge of so doing, it cannot be a lesser included offense of assault. *State v. Jackson, supra; State v. Caudillo, supra.*

### Cruel and Unusual Punishment

■■■ Our supreme court has recently considered an argument that the sentence prescribed for an offense constituted cruel and unusual punishment prohibited by the Eighth Amendment. In *State v. Mulalley,* 127 Ariz. 92, 618 P.2d 586 (1980), the court said that the crucial questions are whether

the sentence offends society's perceptions of decency and whether it is out of proportion to the crime for which it is imposed. It is incredulous to imagine that a presumptive sentence of five years for assaulting another person with a knife raises either of those questions, or that a presumptive sentence of 7 years for restraining another person with the intent to commit a felony offends society or is disproportionate to the crime. The appellant cites the recent United States Supreme Court decision, *Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982). That case involved a sentence of 40 years imprisonment for possessing with intent to distribute and distribution of nine ounces of marijuana, and is readily distinguishable from a crime of violence. Further, it was the United States District Court which found the penalty violative of the Eighth Amendment. The supreme court reversed and remanded. The more recent landmark decision of *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) where the supreme court held that a life term without parole for altering a $100 bad check under a recidivist statute based on six prior non-violent convictions violated the Eighth Amendment, is similarly distinguishable.

The appellant also argues his sentence was excessive. Since it was within the limits prescribed by our legislature and no abuse of sentencing discretion appears, we will not interfere. *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978).

### Ineffective Representation

Pursuant to *State v. Watson*, 134 Ariz. 1, 653 P.2d 351 (1982), the appellant argues that his trial attorney's representation was below the standard of minimal competence. We disagree.

The only colorable claim is that counsel did not interview the victim. *See State v. Radjenovich*, 138 Ariz. 270, 674 P.2d 333 (1983). Assuming, arguendo, that the record developed in the Rule 32 proceeding which we consolidated with this appeal, shows no such interview, we find that it was not required. From the trial record we find that the appellant was charged with a violation of his probation. The violation alleged was the conduct underlying the assault with which we have been concerned. A hearing was held prior to the trial on the substantive charges. The victim testified. Trial counsel used a transcript of that testimony in the cross-examination of the victim in the subsequent trial. In the light of those facts we cannot say counsel should have again interviewed the victim.

We reject the appellant's other contentions criticizing trial counsel's closing argument and failure to move for suppression of the appellant's statements to the police. As for the statements, no evidence shows they were not admissible. As for the argument, appellate counsel is simply disagreeing with trial counsel's strategy. We have reviewed the entire record and find counsel's representation passes the *Watson* test.

Present counsel was substituted after the conviction. He interviewed the victim, obtaining some statements inconsistent with his trial testimony. *See State v. Hickle*, 133 Ariz. 234, 650 P.2d 1216 (1982). A Rule 32 petition for post-conviction relief was filed claiming newly discovered evidence. An evidentiary hearing was held at which the victim again testified. The trial court denied relief, finding that the appellant had failed to prove that there were newly discovered facts which would have changed the verdict—that the verdicts would probably have been the same even if the victim's testimony at trial had been the same as at the Rule 32 hearing. We are not directed to any abuse of the trial court's discretion. In view of the trial court's findings, we hold the denial of post-conviction relief was proper.

Affirmed in part; reversed in part; petition for review denied.

HATHAWAY and HOWARD, JJ., concur.