683 P.2d 306

The STATE of Arizona, Appellee,

v.

Manuel MOYA, Appellant.

No. 1 CA–CR 5609.

Court of Appeals of Arizona,
Division 1.

March 13, 1984.

Decision Redesignated Opinion
April 23, 1984.

Reconsideration Denied April 23, 1984.

Review Denied April 26, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Phoenix, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was found guilty by a jury of aggravated assault, a class three dangerous felony, and was sentenced to the presumptive term of 7½ years' imprisonment. Appellant contends he was denied a fair trial, arguing that the prosecutor com-

mented upon his silence. He also contends the trial court erred in the forms of verdict given the jury. We affirm.

Appellant and the victim, Rogelio Garcia, had known each other for some time. Garcia testified that on the night of November 2, 1980, he saw appellant leaning on a parking meter outside of the Nogales Bar on Second Street in Phoenix. He was conversing with appellant about appellant's having dinner with him at his house and asked appellant who was in the bar. Appellant suggested that he look and see and, as Garcia looked toward the bar, appellant stabbed him in the heart. Garcia had no weapon, had made no threats to appellant and had taken nothing from him. Garcia was taken to Good Samaritan Hospital where he was saved by emergency open-heart surgery. Upon his arrival at the hospital, he had no pulse and no blood pressure. The stabbing was corroborated by a number of other witnesses, who identified appellant as the assailant.

Detective Thomas Varela, who is proficient in Spanish, advised appellant of his rights in Spanish at the police station. Appellant, a legal alien from Mexico and not proficient in English, told Varela that he did not know about the stabbing and denied any involvement. He also stated that he did not own a knife and that the knife in question that had been produced was not his.

Appellant testified that on the night in question the victim came into the bar and demanded money from him. Appellant indicated that he thought the victim was joking and therefore continued drinking at the bar. He testified that the victim removed appellant's wallet from his rear pocket and refused to return it, threatening to stab or beat appellant. Appellant's version was that he and the victim then exited the bar and the victim threatened him a second time, whereupon appellant stabbed him. Appellant admitted on cross examination that the victim never produced a weapon, that he hoped to find a policeman upon their exiting the bar, and not finding one

he was very afraid and therefore stabbed Garcia.

■ Appellant complains that the prosecutor improperly directed attention to his silence by bringing out in the examination of Officer Varela and in cross examination of appellant that appellant had ˙not disclosed to Varela the story which appellant told when he took the stand. The difficulty with appellant's position is that after his *Miranda* warnings were given, he did not remain silent, but denied any part in the stabbing and denied owning a knife, particularly the knife in question. Thus, appellant was not impeached by his silence. He did not keep silent.

> "When one who has voluntarily made statements to police officers after his arrest makes new exculpatory statements at trial, the fact that he failed to make these statements earlier may be used for impeachment." *State v. Tuzon*, 118 Ariz. 205, 207, 575 P.2d 1231, 1233 (1978).

There is a clear contradiction between the trial testimony and the statement given to the police.

> "When a defendant makes a statement at trial which is inconsistent with an earlier statement his credibility is clearly in question." *State v. Anderson*, 110 Ariz. 238, 241, 517 P.2d 508, 511 (1973).

■ Appellant next argues that the trial court erred by giving two forms of guilty verdict, because assault committed by recklessly inflicting serious physical injury is not a lesser included offense of aggravated assault and there was no evidence to support that verdict. Since there was no objection to the forms of verdict, Rule 21.3(c), Arizona Rules of Criminal Procedure, 17 A.R.S.; *State v. Dippre*, 121 Ariz. 596, 598, 592 P.2d 1252, 1254 (1979), appellant can prevail only if he shows fundamental error. No fundamental error appears.

■ In the post-conviction pleadings consolidated with this appeal, it is admitted

that trial counsel wanted the reckless form of verdict because he mistakenly believed that verdict would allow appellant to escape enhanced sentencing.[1] Therefore, no objection was made to the reckless verdict. Counsel's concern in the post-conviction proceedings centers on in-chambers discussions which were unreported and which dealt with the proposed verdicts. In any event, reckless infliction of serious physical injury is one manner of committing aggravated assault. A.R.S. § 13–1203(A)(1) and A.R.S. § 13–1204(A)(1) and (2). The state alleged the infliction of serious physical injury and the use of a deadly weapon. Appellant admitted that he used a deadly weapon. Appellant was appropriately sentenced as a dangerous offender. A.R.S. § 13–604(G) and (K); *State v. Tresize*, 127 Ariz. 571, 623 P.2d 1 (1980).

It is acknowledged in appellant's post-conviction relief pleadings that no objection was made because it was viewed that the reckless verdict was advantageous. The point was waived, Rule 32.-2a(2), and in any event, no prejudice to appellant appears.

Affirmed.

BIRDSALL, C.J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).

---

**1.** This belief might not have been mistaken if the only dangerous nature allegation had been the knowing or intentional infliction of serious physical injury. A.R.S. § 13–604.