921 P.2d 703

**STATE of Arizona, Appellee,**

v.

**Kenneth George KNORR, Appellant.**

**No. 1 CA–CR 94–0415.**

Court of Appeals of Arizona,
Division 1, Department A.

July 2, 1996.

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, R. Wayne Ford, Assistant Attorney General, Phoenix, for Appellee.

Lisa Marie Martin, Phoenix, for Appellant.

## OPINION

CONTRERAS, Presiding Judge.

Appellant Kenneth George Knorr (defendant) appeals from his conviction, after a jury trial, of aggravated assault, a class 3 dangerous felony, and from the resulting enhanced sentence of fifteen years imprisonment. Two issues are raised on appeal:

1. Did the trial court commit fundamental error in failing to submit a verdict form to the jury finding defendant not guilty of aggravated assault?

2. Did the trial court erroneously enhance defendant's sentence as a repetitive nondangerous offender pursuant to A.R.S. § 13–604(D)?

### FACTUAL AND PROCEDURAL BACKGROUND

By indictment dated January 9, 1992, defendant was charged with one count of manslaughter, a class 3 felony, by recklessly causing the death of the victim. The state subsequently filed enhancement allegations, pursuant to A.R.S. § 13–604, that the offense was dangerous in that it involved the use of a motor vehicle and that defendant had six prior nondangerous felony convictions.

The evidence at trial established that, on May 26, 1991, a motor vehicle defendant was operating struck the victim's vehicle, resulting in serious spinal cord injuries. The victim was rendered a quadriplegic, and died almost four months later from respiratory and heart failure related to his quadriplegia. Analysis of a blood sample taken from defendant at the accident indicated that defendant had a .28% blood alcohol content. Defendant was also observed speeding and weaving through traffic at the time of the accident.

The state filed a motion to give the jury an instruction on the "necessarily included offense" of aggravated assault, which the court granted. The jury found defendant not guilty of manslaughter but guilty of aggravated assault, a dangerous offense. At a subsequent hearing, the jury determined that defendant had six prior felony convictions. After the trial court sentenced defendant to an aggravated repetitive sentence of 15 years imprisonment, defendant timely appealed.

## DISCUSSION

1. *Forms of Verdict*

The trial court provided the jury with the following four forms of verdict:

(1) We, the Jury duly empaneled and sworn in the above-entitled action, upon our oaths, **find the defendant guilty of manslaughter.**

We find this ___ is ___is not a dangerous offense.

(2) We, the Jury duly empaneled and sworn in the above-entitled action, upon our oaths, **find the defendant not guilty of manslaughter.**

(3) We, the Jury duly empaneled and sworn in the above-entitled action, upon our oaths, find the defendant **not guilty of manslaughter but guilty of negligent homicide.**

We find this ___ is ___ is not a dangerous offense.

(4) We the Jury duly empaneled and sworn in the above-entitled action, upon our oath, find the defendant **not guilty of manslaughter but guilty of aggravated assault.**

We find this ___is ___ is not a dangerous offense.

(Emphasis added.)

Regarding these verdict forms, the trial court instructed the jury as follows:

The crime of manslaughter requires the State to prove beyond a reasonable doubt that the defendant recklessly caused the death of another person.

The crime of manslaughter includes the less serious crimes of negligent homicide or aggravated assault. You may find the

defendant guilty of negligent homicide or aggravated assault if you find unanimously the State has failed to prove manslaughter beyond a reasonable doubt but has proved either negligent homicide or aggravated assault beyond a reasonable doubt.

The crime of negligent homicide requires proof that the defendant by criminally negligent conduct caused the death of another person.

The crime of aggravated assault requires the State to prove beyond a reasonable doubt that the defendant recklessly caused a serious physical injury to another person.

.... [Definitions of mental states omitted]

The distinction between manslaughter and negligent homicide is: For manslaughter, the defendant must have been aware of a substantial risk and consciously disregarded the risk that his conduct would cause death. Negligent homicide only requires that the defendant failed to recognize the risk.

If you determine the defendant is guilty of either manslaughter or negligent homicide but you have a reasonable doubt as to which it was, you must find the defendant guilty of negligent homicide.

Defense counsel did not object either to the forms of verdict or the instructions given to the jury.[1]

On the second day of deliberations, the jurors returned the following note to the trial judge:

We have failed to reach a unanimous verdict, and at this time it does not seem possible that we will be able to do so. We are deadlocked with a four-four vote on the manslaughter charge, and according to the jury instructions, we cannot find the defendant guilty of a lesser charge if we cannot unanimously agree on the manslaughter charge.

On stipulation of counsel, the court ordered the jurors to re-read all their instructions.

After a recess, the jury returned a second note:

There is no possibility we can reach a unanimous decision on any of the four verdicts given to us.

The trial court excused the jurors for the day and ordered them to return the following afternoon. The next day, after conferring with counsel, the court gave the jurors the following additional instructions:

The first issue you should be addressing in this case is to determine whether or not the defendant's conduct caused either serious physical injury or death.

If you determine the defendant's conduct did not cause either serious physical injury or death, you should return a verdict of not guilty of manslaughter.

If you find the defendant's conduct caused either serious physical injury or death, then you need to determine which one it was unanimously.

If you determine the defendant caused serious physical injury only but not death, then the next issue you address is whether the defendant's conduct was reckless.

If you unanimously determine that the defendant's conduct was reckless, then you should determine that the defendant was guilty of aggravated assault.

If you unanimously determine that the defendant's conduct was not reckless, or if his conduct was something less than reckless, then you should return a verdict of not guilty of manslaughter.

After a brief bench conference with defense counsel, the court further instructed the jury:

Ladies and gentleman, I have a correction to make:

If you find the State failed to prove the defendant acted recklessly, then you are to return a verdict of not guilty of manslaughter.

If you have found unanimously that the defendant's conduct caused death, then the next issue you are to resolve is whether the defendant acted—the State has proved

---

1. Although defense counsel initially objected to the inclusion of aggravated assault as a necessarily-included offense, he withdrew that objection when the trial court agreed to allow him to argue that the victim's quadriplegia was not caused by the vehicle collision but by subsequent emergency intubation at the hospital.

the defendant acted recklessly or the State has proved that the defendant acted with criminal negligence or the State failed to prove either of those.

If you find that the State has proven the defendant acted recklessly, then you should find him guilty of manslaughter.

If you find the State has proved the defendant acted with criminal negligence, you should find the defendant guilty of negligent homicide.

If you find the State has failed to prove the necessary elements for either acting recklessly or with criminal negligence, then you are to find the defendant not guilt[y] of manslaughter.

If you find the State has proven that the defendant acted either recklessly or with criminal negligence but you are not sure which it is, you should return the verdict form that says not guilty of manslaughter but guilty of negligent homicide.

After deliberating further, the jury returned a verdict finding defendant not guilty of manslaughter but guilty of aggravated assault, a dangerous offense. The court, on its own motion, polled the jurors individually to determine that each had found, beyond a reasonable doubt, that (1) defendant acted recklessly, and (2) that defendant caused serious physical injury to the victim.

■ On appeal, defendant argues that the verdict forms and instructions given to the jury were erroneous because the jury was not given a verdict form by which to find him not guilty on the aggravated assault charge, and was not instructed to find defendant not guilty on that charge if the state had not established both recklessness and serious physical injury.[2] Because defense counsel did not object to the verdict forms or instructions at trial, we apply fundamental error analysis to this issue. Rule 23.3, Arizona Rules of Criminal Procedure; *State v. East-lack*, 180 Ariz. 243, 258, 883 P.2d 999, 1014 (1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1978, 131 L.Ed.2d 866(1995)(jury instruc-

tions); *State v. Moya,* 140 Ariz. 508, 510, 683 P.2d 307, 309 (App.1984)(forms of verdict).

■ It is well-established that, when a trial court submits verdict forms to the jury, the forms must show every choice of verdict that the jury could return. *State v. Sanchez,* 135 Ariz. 123, 124, 659 P.2d 1268, 1269 (1983). In this case, the jury was not provided with a verdict form that gave it the choice to find defendant not guilty of aggravated assault.

The state argues that because the indictment charged defendant with only one offense—manslaughter—only one not guilty verdict form was necessary, and that, if the jury had found defendant not guilty of manslaughter, it "would, by necessity, find him not guilty of both the lesser offenses." We disagree.

In this case, the jury *did* find defendant not guilty of manslaughter. However, its choices after that initial decision were ambiguous and confusing. Having rejected the "guilty of manslaughter" verdict form, the jury was left with three choices of verdict form, two of which would have found defendant guilty of another offense, and none of which explicitly included a verdict of not guilty of aggravated assault.

The parties have not cited, and we have not found, an Arizona case in which the jury was not given a verdict form that gave it the choice of unambiguously acquitting a defendant of both the offense charged in the indictment as well as any other necessarily-included or lesser-included offenses on which the jury was instructed. Other courts, however, have concluded that merely including a verdict form that acquits a defendant of the charged offense does not give the jury the automatic option of acquittal on any lesser offense. *See, e.g., State v. Halsey,* 232 Neb. 658, 441 N.W.2d 877, 881 (1989)(acquittal of principal offense does not automatically result in acquittal of lesser offense); *Dyke v. State,* 716 P.2d 693, 698 (Okla.Crim.App. 1986)(two forms of not guilty verdicts are necessary when jury is instructed on two separate offenses). Thus, we reject the

---

**2.** Defendant also objects on appeal to defects in the verdict forms and instructions regarding the charge of negligent homicide. However, be-

cause defendant was not convicted on that charge, we need not address those contentions.

state's contention that the jury could have automatically acquitted defendant of the lesser charge of aggravated assault by returning the verdict form indicating it found defendant "not guilty of manslaughter."

We cannot find this omission harmless in view of the juror confusion that is apparent from this record. Nor can we say that the trial court's jury instructions or supplemental instructions cured the ambiguity.[3] From both the wording of the verdict forms and the instructions, the jurors could have reasonably believed that, were they to find that the state had not proven manslaughter in this case, they were to find defendant guilty of one of the other lesser offenses instead. Such an inference is clearly improper. *See Braley v. Gladden*, 403 F.2d 858, 860 (9th Cir.1968)(absence of not guilty form could reasonably create inference that judge intended only one verdict; such an oversight is "so significantly irregular as to require a new trial"). Even if we found that, based on the evidence, it was extremely unlikely that the jury would have acquitted defendant of aggravated assault, we cannot say that the omission of the proper verdict forms did not deprive him of a fair trial. *See Commonwealth v. Edwards*, 394 Pa. 335, 147 A.2d 313 (1959)(even though defendant admitted crime, failure to give jury not guilty verdict required new trial). The *Edwards* court reasoned:

> To say that a judge need not charge on an indispensable requirement in the law because the defendant is assuredly guilty is to hang that accused first and indict him afterwards. It is the trial and the trial alone which decides whether a defendant is assuredly guilty. The presumption of innocence is not merely a papier-mache figure for dramatic display in the courtroom; it is a reality without which trials become mere playacting with the verdict residing in the judge's pocket before the jury is sworn. Even if, in a hypothetical case, the evidence of guilt piles as high as Mt. Everest on Matterhorn, even if the District Attorney conscientiously believes the de-

fendant to be as guilty as Cain, and no matter with what certainty the Judge views the culpability of the accused at the bar, the defendant is still entitled to all the safeguards of a fair trial as announced in the Constitution and the law of the land.

*Id.* 147 A.2d at 313–314. In the same interest of fairness, we conclude that a new trial is required in which the jury is given the choice of acquitting defendant of aggravated assault whether or not that is its ultimate verdict.

We therefore conclude that the omission of a verdict form enabling the jury to find defendant not guilty of aggravated assault is clearly fundamental error. *See, e.g., State v. Sanchez*, 135 Ariz. 123, 124–25, 659 P.2d 1268, 1269–70 (1983)(failure to give jury verdict form of "not guilty by reason of insanity" reversible error); *State v. Flores*, 140 Ariz. 469, 474, 682 P.2d 1136, 1141 (App.1984)(fundamental error to fail to give verdict form on unlawful imprisonment as lesser-included offense of kidnapping); *State v. Reynolds*, 9 Ariz.App. 131, 133–34, 449 P.2d 968, 970–71 (1969)(fundamental error for forms of verdict to suggest that jury's verdict must be the same on all three counts).

In *Reynolds*, the jury was given two forms of verdict, one finding the defendant guilty of counts 1, 2, and 3, and the other finding him not guilty of the same three counts. The *Reynolds* court concluded that this was fundamental error for the following reasons:

> In the instant case the defendant may have been found guilty on one or more than one count without any factual inconsistency. It would be error, however, for the Court to instruct or suggest in some manner to the jury that their verdict must be the same on all three counts. . . .

> Each of the counts in this case was a separate offense. Nothing appears in the instruction which apprises the jury of the fact that if they found the defendant guilty of one count, they were not necessarily required to find him guilty of the other counts, or that the prosecution had the

---

**3.** Nor do we find sufficient the trial court's belated attempt to poll the jury to ascertain that they had found every necessary element of aggravated assault. At that point, whatever prejudice the

ambiguous verdict forms caused had been accomplished, and it is unlikely that any resulting prejudice to defendant would be cured by a poll of the jury after it determined its verdict.

burden of proof as to each count. *Absence of these instructions, and the verdict forms being made out the way they were, it is highly possible that the jury may have believed that they were required either to find the defendant guilty of all three counts, or else let him go completely. This would obviously have been an erroneous impression to leave with the jury, and prejudicial.*

. . . .

We recognize that the defendant, usually through his attorney, has the duty to request explanations and clarifications of misleading instructions. In the instant case, however, the instructions given, coupled with the verdict forms provided, were so misleading as to be fundamental error, requiring reversal regardless of whether explanatory instructions were requested or not. *In a criminal trial the jury instructions must cover all of the possible verdicts in order to be a sufficient charge.*

*Id.* (emphasis added).

Although *Reynolds* involved multiple counts grouped together in a single verdict form and this case involves a single count with multiple verdict forms for alternative included offenses, we do not find that this distinction changes the underlying principle on which we rely. Because the jury was given neither a verdict form nor instruction to enable it to find defendant simply not guilty of aggravated assault, and because the juror confusion is evidenced on this record from the jury notes to the trial court, we find fundamental error that requires a new trial in this case.

2. *Enhanced Sentence*

■ Defendant also contends that he was improperly sentenced as a repetitive offender because his prior felony convictions were non-dangerous and this offense was his first "dangerous" offense. *See generally* A.R.S. § 13–604.[4] In this case, the state filed en-

hancement allegations of both the dangerous nature of the present felony and that defendant was a repetitive nondangerous prior felon. The jury determined both that the offense was dangerous pursuant to A.R.S. § 13–604(G) and that defendant had six prior felony convictions pursuant to A.R.S. § 13–604(D). Although this issue has been mooted by our reversal of defendant's conviction, we address it because of the likelihood that it might occur on remand if defendant is convicted after a new trial.

Prior to sentencing, the state moved to dismiss the allegation of dangerousness and defense counsel made the following objection:

[PROSECUTOR]: I wanted to move to dismiss the allegation of dangerousness in this case.

[DEFENSE COUNSEL]: Well, your Honor, I object to that.

The jury found this matter to be a dangerous offense. That was submitted to the jury. I think it's inappropriate to submit that to the jury with all of the danger of prejudice that in entails in suggesting to the jury that it is a dangerous offense and then dismissing it later on. I don't think there is any basis for that, and I would object to it. . . .

THE COURT: . . . [A]m I correct that when one considers the sentencing range regarding dangerous with no prior dangerous offenses and dangerous with repetitive offenses, it adds nothing? The allegation of dangerousness?

. . . .

[PROSECUTOR]: Absolutely, that's correct, your Honor.

THE COURT: [Defense counsel], why in heaven's name do you object to the dismissal of the allegation? . . . . I mean, bottom line sentencing, it makes no difference.

[DEFENSE COUNSEL]: Bottom line sentencing, it does make a difference, your Honor.

4. Under the sentencing scheme in effect at the time, defendant was facing the following enhanced sentencing ranges:
    (a) As a first-time dangerous class 3 felony: 5 year minimum, 7.5 year presumptive, 15 year maximum;

    (b) As a repetitive nondangerous class 3 offender with at least two priors: 10 year minimum, 11.25 year presumptive, 20 year maximum.
*See* A.R.S. §§ 13–604(D), (G), –701(C), –702(C), (D), (E).

THE COURT: It doesn't. There is case law.

[DEFENSE COUNSEL]: The State wants you to treat this as a nondangerous offense with two prior convictions.

THE COURT: I have the ability to do that under the case law.

[DEFENSE COUNSEL]: It's a different sentencing range than a dangerous offense with no prior convictions.

THE COURT: That's right.

[DEFENSE COUNSEL]: My position is you should be bound by the jury's determination that it was a dangerous offense.

THE COURT: I'm bound by their determination that it was a repetitive offense.

[DEFENSE COUNSEL]: I objected to that on the basis that they had found him guilty of a dangerous offense and that there were no dangerous, repetitive offenses for them to consider and that the priors, therefore, were irrelevant to the charge upon which he had been convicted.

THE COURT: Well, the sentencing range that I find applicable in this case is a Class 3 felony with two prior felony convictions under the nondangerous portion of the sentencing chart. I don't know that I need to dismiss the allegation of dangerousness.

On appeal, defendant argues that the trial court erred in sentencing him as a repetitive nondangerous offender because A.R.S. § 13–604(D) provides that its provisions are superseded when an allegation of dangerousness is found by the jury.[5] This argument has previously been considered and rejected by Division Two of this court:

> We find nothing in conflict in these statutes as argued by appellant. As a first offender of a dangerous offense, appellant certainly was subject to the sentencing provisions of A.R.S. § 13–604(G). Since his prior convictions were nondangerous in nature, he was not subject to the enhanced punishment provisions of that subsection. However, there is nothing in the statute which implies that he could not be sentenced as a repeat offender under A.R.S. § 13–604(D). To hold otherwise would lead to the absurd result which appellant seeks. By committing robbery without a gun there is no question that appellant would have been subject to the sentencing provisions of A.R.S. § 13–604(D) and would have faced a possible sentence of fourteen to twenty-eight years. He argues that because he used a gun, he must be punished as a first offender of a dangerous offense under A.R.S. § 13–604(G) and thus be subject to a sentence of no less than seven no more than twenty-one years. *In essence, his argument is that by using a deadly weapon he assured a lesser sentence than had he not used a deadly weapon. We will not presume that the legislature intended this absurd result.*

*State v. Laughter,* 128 Ariz. 264, 269, 625 P.2d 327, 332 (App.1980)(emphasis added); *see also State v. Smith,* 171 Ariz. 54, 56, 828 P.2d 778, 780 (App.1992)("We find no merit to appellant's contention that the trial court is required to ignore his two prior felony convictions simply because the armed robbery conviction is his first dangerous nature conviction"). We find no error in the enhancement of defendant's sentence for his prior convictions pursuant to A.R.S. § 13–604(D).

## CONCLUSION

We conclude that fundamental error occurred in the failure to submit a verdict form to the jury that would have found defendant not guilty of aggravated assault. For that reason, we reverse and remand for a new trial. We also conclude that defendant's sentence could properly be enhanced as a nondangerous repetitive offender under A.R.S. § 13–604(D) despite the jury's finding of the dangerous nature of the offense.

Reversed and Remanded.

WEISBERG and TOCI, JJ., concur.

---

5. The provision that defendant relies on is that "[e]xcept as provided in subsection G ... of this section ..." A.R.S. § 13–604(D) requires that a repetitive offender shall serve at least twice but not more than four times the sentence authorized for a first-time offender, and shall not be eligible for early release until two-thirds of the sentence has been served.