936 P.2d 181

The STATE of Arizona, Appellee,

v.

Eric Jason BROWN, Appellant.

No. 2 CA–CR 96–0252.

Court of Appeals of Arizona,
Division 2, Department A.

March 27, 1997.

Grant Woods, Attorney General by Paul J. McMurdie and Randall M. Howe, Phoenix, for Appellee.

Isabel G. Garcia, Pima County Legal Defender by Scott A. Martin, Tucson, for Appellant.

## OPINION

JEFFREY P. HANDLER, Judge Pro Tempore.

A jury found appellant guilty of theft by control and third-degree burglary. The trial court suspended the imposition of sentence and placed appellant on probation for four years. He argues that he is entitled to a new trial because the record does not establish that the court gave the jury the verdict form for the lesser-included offense of unlawful use of a means of transportation and that the trial court abused its discretion when it denied his motion for judgment of acquittal on the third-degree burglary charge.

The charges arose from an incident on September 30, 1995, when appellant drove off in a vehicle belonging to a Tucson Pizza Hut delivery man. Appellant was apprehended minutes later after a chase conducted by the vehicle's owner and the pizza parlor's manager. Appellant's defense was that he did not intend to permanently deprive the owner of the vehicle.

■ Appellant requested an instruction on the unlawful use of a means of transportation as a lesser-included offense of theft by control. *See State v. Kamai,* 184 Ariz. 620, 911 P.2d 626 (App.1995). While the record shows that the trial court gave the requested instruction and that it referred to three forms of verdict, the record only contains two forms of verdict, one for theft by control and one for third-degree burglary, both of which were returned "guilty."

■ As appellant concedes, claims of error regarding forms of verdict are generally waived for appeal unless an objection is lodged at trial. Ariz.R.Crim.P. 21.3(c), 17 A.R.S. However, issues regarding the forms of verdict, although not objected to at trial, can still be raised for the first time on appeal

as fundamental error. *See State v. Moya,* 140 Ariz. 508, 683 P.2d 307 (App.1984). Appellant relies on this court's decision in *State v. Flores,* 140 Ariz. 469, 682 P.2d 1136 (App. 1984), and Division One's decision in *State v. Knorr,* 186 Ariz. 300, 921 P.2d 703 (App. 1996). In both cases, however, the record established that the trial court had failed to provide the requisite forms of verdict. Here, the record does not establish one way or the other whether the jury was given the form of verdict. As the state points out, a matter not contained in the record on appeal is presumed to support the trial court's decision. *State v. Rivera,* 168 Ariz. 102, 811 P.2d 354 (App.1990). While we indulge in the presumption for purposes of appeal, appellant is free to seek relief on this issue through proceedings pursuant to Rule 32, Ariz. R.Crim.P., where he may obtain an evidentiary hearing to determine if the lesser-included form of verdict was omitted, and if so, whether he was prejudiced by that omission. *See State v. Georgeoff,* 163 Ariz. 434, 788 P.2d 1185 (1990).

█ We find no merit to appellant's other argument—that the trial court should have granted his motion for judgment of acquittal on the third-degree burglary charge. He contends that he did not enter the vehicle with the intent to commit an act separate from stealing the car. Under A.R.S. § 13–1506(A), "[a] person commits burglary in the third degree by entering or remaining unlawfully in or on a nonresidential structure ... with the intent to commit any theft or any felony therein." The question thus presented is whether entry into, or remaining in, a vehicle with the intent to steal the vehicle itself constitutes burglary. Courts in Illinois and Florida have held in the affirmative when interpreting statutes which do not vary in material respect from A.R.S. § 13–1506(A).

In *People v. Mullinex,* 125 Ill.App.3d 87, 90, 80 Ill.Dec. 344, 347, 465 N.E.2d 135, 138 (1984), the court stated:

> There is nothing in the statutory language itself that restricts the scope ... to situations in which the defendant steals or intends to steal something from the interior of the automobile, as opposed to attempting to steal or actually stealing the vehicle itself. Furthermore, the court in

[*People v. Sansone,* 94 Ill.App.3d 271, 49 Ill.Dec. 842, 418 N.E.2d 862 (1981) ] concluded that the defendant, who entered an automobile with the intent to steal the vehicle itself, was properly convicted of the offense of burglary.... The *Sansone* court rejected defendant's argument that the word 'therein' contained in the burglary statute refers only to property taken from within the vehicle, not the vehicle itself.

> \*    \*    \*    \*    \*    \*

> In light of the plain language of the statute and the legislative intent impliedly expressed therein to protect motor vehicles, adoption of the defendant's position in this case would not be in harmony with the legislative enactment and intent, for his interpretation of the statute would create an absurd or illogical result. For example, under the defendant's view of the statute, a person who enters an automobile without authority and with the intent to steal an item from within the vehicle could be punished as a burglar, whereas a person who enters a car unlawfully with the intent to steal the entire vehicle could be convicted only of the less serious offense of theft or attempted theft.

And the supreme court of Florida in *State v. Stephens,* 601 So.2d 1195, 1196–97 (Fla.1992), stated:

> The use of the word 'therein' plainly indicates that the crime of burglary can exist if the defendant formed an intent to commit a crime 'in that place.' There is no requirement that the crime must be one that can be completed solely within the fixed limits of that particular place, only that the crime is intended to be committed there. This obviously can include an intent to commit car theft, because such a crime can be committed 'in that place.'

> \*    \*    \*    \*    \*    \*

> [A] burglary is complete the moment a defendant enters or remains within the vehicle with the requisite intent. Even if the defendant changes plans and decides not to steal the vehicle, the crime of burglary still would exist. However, if the defendant then takes the additional step of starting the vehicle and driving away with it, the separate crime of auto theft then will be complete. In sum, two separate

360

evils involving two distinct temporal events are involved in the typical auto theft. Nothing in our law prohibits the charging of both offenses merely because both often occur within a single transaction.

Because we agree with the reasoning, we cannot conclude the trial court abused its discretion when it denied the motion for judgment of acquittal on the burglary charge. Appellant entered the vehicle without the owner's permission, drove it away and resisted the owner's attempt to regain possession. From this, the jury could reasonably find that appellant entered, or remained in, the vehicle with the intent to commit a theft of the vehicle itself. Substantial evidence thus supported the burglary conviction and did not warrant a judgment of acquittal. *State v. Landrigan,* 176 Ariz. 1, 859 P.2d 111 (1993).

The judgment of convictions and the probationary term imposed are affirmed.

DRUKE, C.J., and FLOREZ, P.J., concur.